559 P.2d 686

Martin Robert MILLER, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, and the Honorable Jack T. Arnold, Judge of the Superior Court, Respondents;

The STATE of Arizona, Real Party in Interest.

No. 2 CA-CIV 2374.

Court of Appeals of Arizona, Division 2.

Nov. 30, 1976.

Rehearing Denied Dec. 31, 1976.

Review Denied Jan. 25, 1977.

John M. Neis, Pima County Public Defender by Donald H. Bayles, Jr., Asst. Public Defender, Tucson, for petitioner.

Stephen D. Neely, Pima County Atty. by Thomas C. Reed, Deputy County Atty., Tucson, for respondents and real party in interest.

## OPINION

HATHAWAY, Judge.

Petitioner seeks an order from this court dismissing his indictment under A.R.S. Sec. 13–1580, committing a felony while on bail or own recognizance. Because there are conflicting views on the issue as expressed in separate divisions of the Pima County Superior Court, and since we believe that petitioner is being charged with a "crime" which did not exist on August 20, 1976, we assume jurisdiction and grant relief.

In an indictment presented by the Pima County grand jury on August 20, 1976, petitioner was charged with the unlawful theft of a motor vehicle (motorcycle) (Count I) in violation of A.R.S. Sec. 13–672 and the commission of a felony while on bail or personal recognizance (Count III) in violation of A.R.S. Sec. 13–1580. The basis of this latter charge was the motor vehicle theft. The alleged theft of the motorcycle occurred on July 22, 1976, and on that date, petitioner was awaiting trial on earlier charges of unlawful possession of narcotics for sale. Petitioner subsequent to August 20, pled guilty to a reduced charge of unlawful possession of narcotics and is presently awaiting sentencing on that charge.

On September 30, 1976, petitioner filed a motion to dismiss the charge of committing a felony while on bail or own recognizance. His position was that indictment for such offense was insufficient as a matter of law since no violation could possibly have been committed at the time the indictment was presented. Following oral argument, the respondent court denied the motion to dismiss.

The statute in question, in pertinent part, states:

"Sec. 13–1580. Committing felony while on bail on felony charge; penalty

A person who is convicted of committing any felony offense, whether federal or state, which felony offense is committed while such person is released on bail or his own recognizance on a separate felony charge, is guilty of the offense of committing a felony while released on bail or his own recognizance and upon conviction of such crime shall be punished by imprisonment in the state prison for not more than five years. Such penalty shall be in addition to and shall be served consecutively to any penalty imposed for the offense committed while released on bail or on his own recognizance."

Criminal statutes are to be construed according to the fair import of their terms. A.R.S. Sec. 1–211(C) and indeed the very language of the statute makes conviction of a felony offense an element of the crime under A.R.S. Sec. 13–1580. We cannot follow respondents' view that somehow the word "convicted" is "descriptive" of the offense being charged. Respondents argue that the language in the statute is no more objectionable than that contained in any other criminal statute which states that a person is guilty of an offense upon the showing of certain facts. Such analogy is misleading. In other criminal statutes, upon a showing that the elements of the offense have been found, indictment is proper. "Guilt" is not an element of any other criminal statute. Here, in A.R.S. Sec. 13–1580, by its very language, conviction is an element of the offense. We find it very difficult to understand respondents' position since in no uncertain terms the statute requires conviction as a precondition to a violation of the statute. In the case before us, petitioner must be convicted of the crime alleged in count one, motorcycle theft, before any separate crime under A.R.S. Sec. 13–1580 could be found to have been committed. Such conviction under the words of the statute is necessary to indict petitioner for committing a felony while on bail or personal recognizance.

To be legally sufficient, an indictment must charge that a public offense has been committed. *State v. Smith,* 66 Ariz. 376, 189 P.2d 205 (1948). Since no crime under A.R.S. Sec. 13–1580 has yet been committed, count three of the indictment presented by the Pima County grand jury was and is without legal basis. We therefore find that the respondent court failed to act where it had a duty to act and order dismissal of the

count of the indictment regarding a violation of A.R.S. Sec. 13–1580, since it is insufficient as a matter of law.

Relief granted.

HOWARD, C. J., and JACK G. MARKS, Superior Court Judge, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge JACK G. MARKS was called to sit in his stead and participate in the determination of this decision.