640 P.2d 175

**LeVoy MEREDITH, Appellant,**

v.

**Robert C. RAINES, Administrator; Arizona State Prison, State of Arizona, Appellees.**

No. H–821.

Supreme Court of Arizona, In Banc.

Jan. 7, 1982.

Rehearing Denied Feb. 10, 1982.

K. C. Stanford, Tucson, for appellant.

LeVoy Meredith, in pro. per.

Robert K. Corbin, Atty. Gen. by Rory C. H. Abate, Asst. Atty. Gen., Phoenix, for appellant.

CAMERON, Justice.

On 2 October 1980, after appropriate notice and hearing, the Arizona Board of Pardons and Paroles revoked the parole of LeVoy Meredith for failure to abide by special conditions imposed by Meredith's parole officer. Thereafter, Meredith filed a petition for writ of habeas corpus in the Superior Court of Maricopa County. From an adverse ruling by the Superior Court, Meredith appealed to Division One of the Court of Appeals, and the matter was transferred to this court pursuant to Rule 19(e), Arizona Rules of Civil Appellate Procedure, 17A A.R.S.

We must answer only one question on appeal: May parole be revoked based on a violation of a special condition imposed orally by the subject's parole officer?

The facts necessary for a determination of this issue are as follows. On 13 February 1980, Meredith was granted parole by the Arizona Board of Pardons and Paroles. Of the several written conditions of supervision placed on petitioner by the Department of Corrections, paragraph 8 of the agreement contained the following language as specifically set forth in the Arizona Administrative Rules and Regulations, R5–1–312(8):

"I will at all times adhere to my specific conditions of supervision. These conditions are subject to revision as :nay be required. This will include any special written conditions imposed by the Arizo-

na Board of Pardons and Paroles or by my assigned parole officer."

Several months after Meredith's release, officers of the parole board were contacted by an acquaintance of Meredith. Although the acquaintance had been a long time friend of Meredith, she told the parole officers that her recent contacts with Meredith had been offensive and harassing. Pursuant to this conversation, parole officer Dickerson, on 11 June 1980, verbally informed Meredith that his current parole status would be subject to the additional condition that any further contact with this acquaintance be discontinued. A heated discussion ensued and it is apparent that although Meredith did not specifically agree to this condition, he nevertheless remained at liberty. Thereafter, an additional complaint from the acquaintance that harassing letters and phone calls from Meredith had continued caused Meredith's parole to be subsequently revoked, after a hearing in which it was found that he had violated the orally imposed special condition. At the revocation hearing, Meredith admitted that he understood the verbal restrictions placed by the parole officer and that they had been violated.

■ At the outset, the State takes the position that neither the written agreement containing the conditions for parole nor the regulations under which the agreement was made preclude oral modifications of the original conditions. We agree. Although the agreement specifically "includes any special written conditions," we do not believe that it excludes oral conditions set down as a part of the parolee's supervision. Indeed, it would be unusual if there were not many conditions that could be orally imposed by the parole officer as part of the parolee's continuing supervision. Under these circumstances, it might be overly burdensome to require a written statement of each additional condition. Although written conditions might be desirable in any case upon which a revocation of parole is based, we do not believe it is required.

Meredith contends, however, that even if paragraph 8 of the agreement and R5–1–312, Arizona Administrative Rules and Regulations, do not require written modifications, principles of due process forbid arbitrary oral changes in conditions for parole. In support of his position, he points to the requirement for written conditions in probation proceedings.

It should be noted at the outset that while the procedures followed in revocation of both parole and probation are similar, they proceed from two different and distinct bases. A person under probation is still under the jurisdiction of the court and subject to the terms and conditions set down by the court. This court has adopted rules of procedure for the imposition of probation, and the rules are explicit in requiring written rather than oral notification of changes in conditions. See Rule 27 of the Arizona Rules of Criminal Procedure, 17 A.R.S. We have stated that if a probationer did not receive written notice of a condition of probation, then his probation may not be revoked for a violation of that specific, but unwritten, condition. *State v. Williams*, 122 Ariz. 146, 593 P.2d 896 (1979). Freedom from arbitrary revocation and the pragmatic benefits inherent in having a written record were among our considerations in requiring that conditions for probation be in writing before a probationer could be charged with violating that probation.

■ A parolee, however, is still considered to be in the custody of the State Department of Corrections, a part of the executive branch of government. The rules of procedure before the Board of Pardons and Paroles were promulgated under the authority of A.R.S. § 31–401, et seq. Even though we may require all conditions of probation to be in writing, it does not follow that the Board of Pardons and Paroles must do likewise so long as minimum standards of due process and equal protection are maintained. *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

■ Defendant points to the United States Supreme Court which has held that

**246**

due process requires a written record be made of prison disciplinary proceedings. *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). We believe that there are, however, substantial differences between due process requirements in a prison disciplinary hearing described in *Wolff,* supra, and the requirement of written conditions of parole. Although we might believe that difficulty could be avoided by requiring written conditions, where, as here, there is no question as to the conditions imposed, that Meredith had the right to refuse them, R5–4–202(D)(2), Arizona Administrative Rules and Regulations, and that he admittedly violated such conditions, there can be no prejudice to the parolee due to the fact the conditions were verbal rather than written.

The parole board has wide discretion in performing its duty to determine the worthiness of a particular parolee to continue in that status. The conditions of supervision provided for in R5–1–312, Arizona Administrative Rules and Regulations, are broad enough to allow the parole board a great deal of discretion in revocation decisions, and yet still provide a parolee with the minimum notice that his conduct is violative of those conditions. Written conditions would be preferable, but they are not required to insure adequate notice.

Affirmed.

GORDON, V. C. J., and STRUCKMEYER, J., concur.

NOTE: Justice JACK D. H. HAYS did not participate in the determination of this matter.

HOLOHAN, Chief Justice, concurring:

I concur in the result.