763 P.2d 519

**STATE of Arizona, Appellee,**

v.

**Johnny HUDSON aka Johnny Williams, Jr., Appellant.**

**No. CR–87–0035–AP.**

Supreme Court of Arizona,
En Banc.

Oct. 13, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Georgia B. Ellexson, Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

Lorona & Associates by Jess A. Lorona, Mesa, for appellant.

FELDMAN, Vice Chief Justice.

In this appeal submitted without argument, defendant, Johnny Hudson,[1] challenges his life sentence imposed pursuant to A.R.S. § 13–604.02(A).[2] He claims the sentence was illegally imposed because the state failed to adequately prove, as the sentencing statute requires, that he was on parole or some other form of release status during the commission of the offense. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. §§ 13–4031 and –4033. We affirm.

## FACTS

This case comes before us for the second time. A detailed recitation of the facts underlying defendant's trial and conviction can be found in *State v. Williams*, 144 Ariz. 433, 698 P.2d 678 (1985). Therefore, we set forth only those facts necessary to decide the narrow question presented to us in this case.

A Pinal County jury convicted defendant of the armed robbery of a Casa Grande liquor store. At trial, the state alleged that defendant committed the robbery

---

1. Johnny Hudson is also known as Johnny Williams, Jr.

2. Renumbered from § 13–604.01(A) by 1985 Ariz.Sess.Laws ch. 364, § 5 effective May 16, 1985. We will use the current designation in this opinion.

while released on parole. The trial court submitted the issue to the jury, which determined that defendant was on parole. Accordingly, the trial court sentenced defendant to life imprisonment with a twenty-five year minimum as provided by A.R.S. § 13–604.02(A).

Among other issues raised on his first appeal, defendant challenged the admissibility of the documentary proof offered at trial to prove he was on parole status during the commission of the robbery. *Williams*, 144 Ariz. at 442–44, 698 P.2d at 687–89. We upheld defendant's challenge, vacated his sentence, and remanded the case to the trial court so it could make an independent determination of whether defendant was on parole when he committed the instant offense.[3] *Id.* at 444, 698 P.2d at 689.

At resentencing, the court found that defendant was on parole at the time he committed the offense, and it reimposed the statutorily mandated life sentence. Defendant was thereafter allowed to take a delayed appeal to this court.

## ISSUES ON APPEAL

Defendant's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel's brief raises three issues. First, defendant contends that the sentencing judge did not make an independent determination that defendant was on parole during the commission of the offense. This argument is without merit. The record indicates that the sentencing judge specifically examined a letter from the Arizona Department of Corrections (ADOC). *See* note 6, *infra.* The judge also considered additional evidence of defendant's release status, including testimony from an ADOC records supervisor and from defend-

ant himself. Reporter's Transcript (RT), June 14, 1985, at 5–18, 18–26. After considering this evidence, the sentencing court made a specific finding of fact that defendant was on parole during commission of the offense. *Id.* at 26.

■ Second, defendant argues that the sentencing court violated his double jeopardy rights when it considered additional evidence of defendant's parole status, evidence not offered at defendant's first sentencing. We have held that at a resentencing hearing involving an enhancement statute similar to § 13–604.02(A), the state may produce additional evidence of a defendant's parole status without violating either the state or federal double jeopardy proscriptions. *State v. Sowards*, 147 Ariz. 156, 159, 709 P.2d 513, 516 (1985). Even though *Sowards* did not involve a life sentence, we believe its rationale is applicable here. Like the statute in *Sowards*, § 13–604.02(A) requires a finding by the judge alone, not a jury; only one factual determination must be made (was defendant on some form of early release); and the applicable standard of proof is less than beyond a reasonable doubt. *See Sowards*, 147 Ariz. at 158–59, 709 P.2d at 515–16. We hold that the state may produce additional evidence of defendant's parole status at a resentencing involving § 13–604.02(A) without violating double jeopardy guarantees.[4] *Cf. State v. Rumsey*, 136 Ariz. 166, 174–75, 665 P.2d 48, 56–57 (1983) (additional evidence may be presented at second death penalty hearing so long as a defendant is not first sentenced to life and then resentenced to death).

Third, defendant claims he was denied effective assistance of counsel when his counsel failed to obtain or produce certain records from the ADOC. To prevail here, defendant must prove that his counsel's

---

**3.** A jury finding of defendant's parole status is unnecessary. *Williams*, 144 Ariz. at 444, 698 P.2d at 689 (citing *State v. Turner*, 141 Ariz. 470, 475, 687 P.2d 1225, 1230 (1984)).

**4.** While the statute in *Sowards* allowed the sentencing judge some discretion, 147 Ariz. at 159, 709 P.2d at 516, we do not believe that the absence of sentencing discretion here, standing

alone, triggers double jeopardy protection. *See State v. Rumsey*, 136 Ariz. 166, 171, 174, 665 P.2d 48, 53, 56 (1983) (even though death sentence is mandatory if aggravating factors outweigh mitigating factors, sentencing judge at capital resentencing may still hear evidence not presented or argued at first sentencing).

representation was unreasonable under all the circumstances, and that the deficient performance prejudiced defendant. *State v. LaGrand,* 152 Ariz. 483, 485, 733 P.2d 1066, 1068 (1987). Even assuming counsel's performance was deficient, there was no prejudice. Defendant was on some form of early release when he committed the offense. *See infra.* Whatever records counsel may have obtained or produced would not have contradicted that fact.

■ Having reviewed the three issues raised in counsel's brief, we find no reversible error. In addition to counsel's *Anders* brief, defendant filed a supplemental brief in *propria persona.* He raises a single issue: Did the state adequately prove his parole status, thus triggering the mandatory life sentence? Defendant contends that his life sentence was improper because the state failed to prove by "reasonable evidence" that he was on parole status during the commission of the robbery. *See State v. Turner,* 141 Ariz. 470, 687 P.2d 1225 (1984) (state need only prove by reasonable evidence that a defendant is subject to the provisions of A.R.S. § 13–604.02(A)).[5]

At resentencing, the court specifically found that defendant was on parole during the commission of the offense. RT, June 14, 1985, at 26. The court relied upon ADOC records, as well as the evidence submitted to the jury during defendant's first sentencing.[6] We previously held that had the *trial court* relied upon the ADOC letter in sentencing defendant, rather than admitting the letter as evidence for the jury, *Turner*'s reasonable evidence standard would have been met. *Williams,* 144 Ariz. at 444, 698 P.2d at 689. Defendant counters, however, that because the state failed to show that he affirmatively accepted the conditions of his early release, his parole was ineffective and, therefore, the

enhanced sentence was improperly imposed. *See Sheppard v. State ex rel. Eyman,* 18 Ariz.App. 108, 109, 500 P.2d 639, 640 (1972) (parole only effective when accepted by prisoner); A.C.R.R. R5–1–309(C), R5–1–312 (regulations providing that prisoners seeking temporary or mandatory release must accept conditions of release).

Defendant's argument lacks merit. Although we agree that parole is effective only upon the prisoner's acceptance, there is ample evidence that this defendant accepted his temporary release and parole. During the resentencing hearing, defendant himself admitted at least four times that he was on parole or some other release status. RT, June 14, 1985, at 19–22; *see also* Appellant's Supplemental Brief at 4. He also admitted that he saw his parole officer four or five times. RT, June 14, 1985, at 20, 22. Thus, defendant admits that he accepted some form of early release status and was released from prison. Such an admission is weighty evidence. *See Turner,* 141 Ariz. at 475, 687 P.2d at 1230; *see also Meredith v. Raines,* 131 Ariz. 244, 245, 640 P.2d 175, 176 (1982) (defendant admitted parole status).

The sentencing statute only requires that defendant be on some form of early release. A.R.S. § 13–604.02(A). Nowhere is there a requirement that a defendant specifically agree to the terms and conditions of his early release. Defendant's hypertechnical argument that he never signed anything expressly agreeing to a specific condition of parole or early release is arguably relevant to a situation where the state seeks to revoke the parole or early release for breach of that condition. Defendant's argument, however, is neither relevant to nor defeats the sentencing statute's application to acts that defendant committed

---

5. The standard of proof for imposing a life sentence under A.R.S. § 13–604.02(A) has been elevated to a clear and convincing standard. *State v. Hurley,* 154 Ariz. 124, 132, 741 P.2d 257, 265 (1987). This elevated level of proof applies only to sentences imposed after *Hurley. Id.* Defendant's life sentence was reimposed in 1985, making the elevated standard inapplicable to defendant's case.

6. That evidence consisted of a letter on ADOC stationery indicating that defendant was on temporary release status since October 18, 1982, and that the temporary release status reverted to parole status on December 16, 1982. His parole status was to terminate on June 24, 1983 —six days after the commission of the instant offense. *Williams,* 144 Ariz. at 442–43, 698 P.2d at 687–88.

**458**

while on release or parole status. *Cf. Meredith*, 131 Ariz. at 245, 640 P.2d at 176 (absence of a writing in parole revocation context does not necessarily violate due process). By leaving the prison's walls, defendant accepted his early release. By choosing to commit armed robbery while on release, defendant accepted the risk of receiving the mandated life sentence for those who commit that crime while on release status.

There was no error in imposition of sentence. We have reviewed the record for fundamental error and find none. The judgment and sentence are affirmed.

GORDON, C.J., and CAMERON, HOLOHAN and MOELLER, JJ., concur.