Richard Lynn **CURLEY**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

No. 93–CA–002312–MR.

Court of Appeals of Kentucky.

March 24, 1995.

Frank W. Heft, Jr., Chief Appellate Defender, Louisville, Daniel T. Goyette, Jefferson Dist. Public Defender, Louisville, for appellant.

Chris Gorman, Atty. Gen., Todd D. Ferguson, Asst. Atty. Gen., Crim. Appellate Div., Frankfort, for appellee.

Before HOWERTON, JOHNSON and MILLER, JJ.

JOHNSON, Judge:

Richard Lynn Curley (Curley) brings this direct appeal from his conviction for first-degree bail jumping (Kentucky Revised Statutes (KRS) 520.070), a Class D felony, and his sentence of one year in prison. Curley was sentenced on September 17, 1993, by the Jefferson Circuit Court after entering a conditional guilty plea pursuant to Kentucky Rules of Criminal Procedure (RCr) 8.09. Finding the plain and unambiguous meaning of KRS 520.070 to prohibit Curley's conviction for this offense, we reverse and remand for further proceedings.

On October 13, 1992, Curley was indicted by a Jefferson County grand jury for the offenses of theft by unlawful taking over $300 (KRS 514.030(1)(a)), a Class D felony; receiving stolen property over $100 (KRS 514.110), a Class D felony; third-degree criminal trespass (KRS 511.080), a violation; and giving a peace officer a false name or address (KRS 523.110), a Class B misdemeanor. On December 18, 1992, pursuant to a plea agreement with the Commonwealth, Curley pled guilty to the amended charge of theft by unlawful taking under $300, a Class A misdemeanor, as well as to the charges of third-degree criminal trespass and giving a peace officer a false name or address. The felony charge of receiving stolen property over $100 was dismissed. The trial court entered an order on that same date which accepted Curley's guilty plea, noted the Commonwealth's sentencing recommendation, and scheduled sentencing for February 26, 1993.

Curley's sentencing was later rescheduled for March 5, 1993. However, Curley failed to appear for sentencing on that date and the trial court issued a bench warrant for his arrest. Curley was indicted on May 26, 1993, for first-degree bail jumping.

On September 17, 1993, pursuant to a plea agreement with the Commonwealth, Curley entered a conditional guilty plea to first-degree bail jumping pursuant to RCr 8.09, reserving the right to appeal to this Court the issue of whether he could be convicted of this offense when he had previously pled guilty to misdemeanors and failed to appear for sentencing on those misdemeanors. Upon the recommendation of the Commonwealth, the trial court imposed a sentence of one year in prison, to be served concurrently with the sentences of 12 months for theft by unlawful taking under $300, 90 days for giving a peace officer a false name or address, and 30 days for third-degree criminal trespass. This appeal followed.

On appeal, Curley argues that he cannot be convicted of first-degree bail jumping pursuant to KRS 520.070 because his original felony charge of theft by unlawful taking over $300 was amended to the misdemeanor charge of theft by unlawful taking under $300, and the trial court accepted his guilty plea on the misdemeanor charge before the bail jumping occurred. We agree.

KRS 520.070(1) provides in pertinent part:

A person is guilty of bail jumping in the first degree when, having been released from custody by court order, with or without bail, upon condition that he will subsequently appear at a specified time and place *in connection with a charge of having committed a felony,* he intentionally fails to appear at that time and place (emphasis added).

KRS 520.080(1) provides in pertinent part:

A person is guilty of bail jumping in the second degree when, having been released from custody by court order, with or without bail, upon condition that he will subse-

quently appear at a specified time and place *in connection with a charge of having committed a misdemeanor,* he intentionally fails to appear at that time and place (emphasis added).

The Commonwealth contends that Curley can be convicted of first-degree bail jumping because he was originally charged with two felonies, even though he subsequently pled guilty only to misdemeanors. The Commonwealth emphasizes that the key to understanding KRS 520.070 is the *charge* brought against the defendant, not the stage of proceedings at which the defendant fails to appear. *See* KRS 520.070, *Commentary* (1974). We believe the Commonwealth misreads the import of KRS 520.070 and KRS 520.080.

"If the words of the statute are plain and unambiguous, the statute must be applied to those terms without resort to any construction or interpretation." *Kentucky Unemployment Insurance Commission v. KACO Unemployment Insurance Fund, Inc.,* Ky. App., 793 S.W.2d 845, 847 (1990), *citing Delta Air Lines, Inc. v. Commonwealth Revenue Cabinet,* Ky., 689 S.W.2d 14 (1985). The words of KRS 520.070 and KRS 520.080 are plain and unambiguous, and thus dispositive of this appeal. We hold that the nature of the charge(s) against a defendant at the time he jumps bail determines whether KRS 520.070 or KRS 520.080 applies. We cannot accept the argument that a defendant who is originally charged with a felony, but later has the charge amended to a misdemeanor or dismissed, is always subject to the charge of first-degree bail jumping. Such an interpretation negates the plain meaning of both KRS 520.070 and KRS 520.080. Because Curley was charged only with two misdemeanors and a violation at the time he jumped bail, he can only be charged with second-degree bail jumping.

The judgment of the Jefferson Circuit Court is reversed and the case is remanded to the trial court for proceedings consistent with this Opinion.

All concur.