16 P.3d 803

**The STATE of Arizona, Respondent,**

v.

**John Phillip WILEY, Petitioner.**

**No. 2 CA–CR 00–364–PR.**

Court of Appeals of Arizona.
Division 2, Department A.

Feb. 6, 2001.

---

John P. Wiley, Yuma, In Propria Persona.

## *OPINION*

PELANDER, Judge.

¶1 Petitioner pled guilty to one count of failure to appear in the first degree, a class six felony, and admitted having one historical prior felony conviction and having committed the offense while on release. The trial court sentenced him to the mitigated term of three years' imprisonment, to be served consecutively to a prison sentence in a different case. Petitioner challenged his conviction in a petition for post-conviction relief filed pursuant to Rule 32, Ariz. R.Crim. P., 17 A.R.S., which the trial court denied without a hearing. He filed a motion for rehearing, which was also denied. This petition for review follows.

¶2 The underlying facts are not in dispute. After a jury trial, petitioner was found guilty of a drug offense, and the matter was set for sentencing on May 2, 1997. Petitioner arrived at the courtroom on that date and asked to speak to the trial court in chambers, where he requested a continuance. The trial court denied that request and ordered the parties to assemble in the courtroom for sentencing. Petitioner did not comply with the trial court's order but instead left the courthouse. After an extended manhunt, he was apprehended in a different county.

¶3 Petitioner was indicted for failure to appear in the first degree in violation

of A.R.S. § 13–2507(A),[1] which provides: "A person commits failure to appear in the first degree if, having been required by law to appear in connection with any felony, such person knowingly fails to appear as required, regardless of the disposition of the charge requiring the appearance." Although petitioner pled guilty to that offense, he contended in his Rule 32 petition, as he does here, that the statutory language "having been required by law to appear" pertains only to a duty imposed by a statute. Because petitioner failed to abide by an order of the court, not a statute, he argued that his conduct did not constitute a public offense.[2] *See Miller v. Superior Court*, 114 Ariz. 130, 131, 559 P.2d 686, 687 (App.1976) ("To be legally sufficient, an indictment must charge that a public offense has been committed.").

¶ 4 The trial court denied the Rule 32 petition, finding that petitioner had an affirmative duty under Rule 7.3(a)(1), Ariz. R.Crim. P., 16A A.R.S., to appear for sentencing. Rule 7.3(a)(1) addresses a defendant's obligation to answer and submit to the orders and process of the court upon being released on bail or on recognizance. We will not disturb a trial court's ruling on a petition for post-conviction relief absent an abuse of discretion. *State v. Watton*, 164 Ariz. 323, 325, 793 P.2d 80, 82 (1990).

¶ 5 "Interpretation of a statute is a question of law that we review *de novo.*" *State v. Jensen*, 193 Ariz. 105, 107, 970 P.2d 937, 939 (App.1998). Petitioner cites no case law interpreting the "having been required by law to appear" language of § 13–2507, and we are not aware of any. However, an Arizona criminal law treatise explains that the

criminal penalties in the failure-to-appear statutes [3] provide a mechanism for securing a released criminal defendant's appearance in court, thus facilitating the setting of reasonable bail or release on recognizance. 1 Rudolph J. Gerber, *Criminal Law of Arizona* § 13–2506 (2d ed.1993). Section 13–2507 criminalizes "the violation of the formal promise that a released felony-defendant makes to the court to appear as ordered." Gerber, *supra,* at § 13–2507. Thus, the trial court's ruling, based on Rule 7.3(a)(1), was consistent with the purpose of the statute.[4]

¶ 6 In addition, as petitioner acknowledges, Rule 26.9, Ariz. R.Crim. P., 17 A.R.S., requires a defendant convicted of a felony to appear for sentencing. As a practical matter, court appearances must be set by court order, taking into account the availability of parties, counsel, judges, and courtrooms. We conclude that § 13–2507 proscribes failing to appear in court in connection with a felony regardless of whether the duty to appear originates in a statute, rule of procedure, court order, or combination thereof. The conduct at the root of petitioner's indictment, his failure to appear as ordered for a felony sentencing, was indeed a "public offense." *Miller,* 114 Ariz. at 131, 559 P.2d at 687.

¶ 7 The holding in *City of Mountlake Terrace v. Stone*, 6 Wash.App. 161, 492 P.2d 226 (1971), on which petitioner relies, does not alter our conclusion. Invalidating a municipal ordinance on due process/vagueness grounds, the court in *Stone* stated: "The ... phrase 'required by law' contained in many statutes is ordinarily construed to mean required by statutory law. Unless the context

---

1. Through a clerical error, the indictment erroneously cited A.R.S. § 13–2508.

2. Petitioner's guilty plea did not waive this claim. *See State v. Hamilton*, 142 Ariz. 91, 688 P.2d 983 (1984). A trial court has no jurisdiction to accept a guilty plea, enter a judgment of guilt, or impose sentence based on an indictment that does not state a public offense. *State v. Rogers*, 2 Ariz.App. 232, 407 P.2d 773 (1965), *overruled on other grounds by State v. Mallory*, 19 Ariz.App. 15, 504 P.2d 556 (1973).

3. Section 13–2506, A.R.S., failure to appear in the second degree, is an equivalent statute appli-

cable to court appearances in connection with misdemeanors and petty offenses.

4. Moreover, § 13–2507 was derived in part from Kentucky Penal Code § 520.070, 1 Rudolph J. Gerber, *Criminal Law of Arizona*, § 13–2507 (2d ed.1993), which expressly proscribes intentionally failing to appear in court as specified by court order in connection with a felony charge. *See Curley v. Commonwealth*, 895 S.W.2d 10, 11 (Ky. Ct.App.1995). The Kentucky statute has been construed to encompass an oral court order that the defendant did not acknowledge in writing. *Malicoat v. Commonwealth*, 637 S.W.2d 640, 641 (Ky.1982).

otherwise requires, such construction seems to best carry out legislative intent." *Id.* at 230. Unlike the defendant in *Stone*, however, petitioner has not raised a void-for-vagueness challenge. More importantly, as with the ordinance in *Stone*, "[t]he purpose of [§ 13–2507] would not be fully realized if the phrase ['required by law to appear'] meant merely 'statutorily required.'" *Id.* Because "the context otherwise requires," *id.*, § 13–2507 clearly implicates court orders and procedural rules, not merely statutory requirements. Thus, an obligation imposed by court rule satisfies the "required by law" condition of that statute. *Cf. Jones v. Buchanan,* 177 Ariz. 410, 411, 868 P.2d 993, 994 (App.1993) (trial court's failure to apply court procedural rule constituted failure to perform duty required by law, warranting special action relief).

¶ 8 Finally, citing A.R.S. §§ 12–861 and 12–863(B) and Rule 33.1, Ariz. R.Crim. P., 17 A.R.S., petitioner also suggests that his nonappearance for sentencing, at most, should only have resulted in a contempt charge against him. That petitioner's conduct might have also constituted contempt, however, did not preclude the state from instead prosecuting him for violating § 13–2507. *See* A.R.S. § 13–116; *see also Ashe v. Swenson,* 397 U.S. 436, 451, 90 S.Ct. 1189, 1198, 25 L.Ed.2d 469, 480 (1970) (Brennan, J., concurring) (recognizing that single criminal act can constitute multiple crimes as defined by different statutes).

¶ 9 The trial court did not abuse its discretion in denying the Rule 32 petition. We grant the petition for review, but we deny relief.

CONCURRING: J. WILLIAM BRAMMER, Presiding Judge, and M. JAN FLÓREZ, Judge.