NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

MICHAEL ANDREW VANATA, *Petitioner*.

No. 1 CA-CR 16-0673 PRPC
FILED 2-15-2018

---

Petition for Review from the Superior Court in Maricopa County
No. CR2003-019190-001
The Honorable J. Justin McGuire, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Respondent*

Michael Andrew Vanata, Kingman
*Petitioner*

---

## MEMORANDUM DECISION

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Chief Judge Samuel A. Thumma joined.

---

**C A M P B E L L**, Judge:

**¶1**         Michael Andrew Vanata petitions this court for review from the summary dismissal of his of-right petition for post-conviction relief. *See* Ariz. R. Crim. P. 32.1. We have considered the petition for review and, for the reasons stated, grant review, but deny relief.

**¶2**         In 2004, Vanata pled guilty to an amended count of attempted child molestation, a class 3 felony and a dangerous crime against children in the second degree. The superior court suspended sentence and placed Vanata on lifetime probation. In 2014, the State alleged a number of probation violations and the court held a probation revocation hearing. Vanata subsequently admitted a single violation of a condition of probation. The court revoked Vanata's probation and imposed a 15-year term of imprisonment.

**¶3**         Vanata timely sought post-conviction relief, and his assigned counsel found no colorable claims for relief. Proceeding pro per, Vanata filed his petition and raised claims of, and relating to, ineffective assistance of counsel, judicial bias, and illegal sentence. The superior court found no colorable claims and summarily dismissed the petition. This timely petition for review followed.[1]

**¶4**         In his petition for review, Vanata again raises a variety of purported errors. He generally argues: (1) the superior court should not have considered a presentence report or probation report when it revoked his probation; (2) the imposition of a 15-year sentence was an illegal sentence; (3) judicial bias based on "false" accusations and the court's use of "heinous" and "awful" to refer to Vanata's 2004 offense; (4) his counsel was ineffective at the hearing to revoke Vanata's probation; (5) and the

---

[1] Vanata later filed an untimely amended petition for review, which included additional legal authority but raised no new arguments.

superior court's order assigning the post-conviction petition to a judicial officer for ruling equates to a finding that Vanata's claims for relief had merit and entitled him to an evidentiary hearing.[2]

**¶5**     We will not disturb the superior court's ruling on a petition for post-conviction relief absent an abuse of discretion. *State v. Wiley*, 199 Ariz. 242, 244, ¶ 4 (App. 2001). Before Vanata admitted to the probation violation, the superior court advised Vanata of his rights and that if he chose to admit to a probation violation he could receive a maximum sentence of 15 years. Vanata then waived his rights and admitted to one probation violation which the court accepted after determining Vanata had knowingly, intelligently, and voluntarily made the admission. The superior court subsequently considered the original presentence investigation report, the original plea agreement, the probation violation report finding it "extremely relevant" to its sentencing determination, found no mitigating circumstances, and further considered the nature of Vanata's 2004 plea offense, all of which it was entitled to do. We therefore conclude the superior court did not abuse its discretion in its summary dismissal of his petition for post-conviction relief.

**¶6**     As to his claims regarding ineffective assistance of counsel and that the superior court implicitly found he was entitled to an evidentiary hearing, he merely asserts that error occurred and, thus, these issues are not properly before us. *See State v. Stefanovich*, 232 Ariz. 154, 158, ¶ 16 (App. 2013); *see also State v. Moody*, 208 Ariz. 424, 452 n.9, ¶ 101 (2004).

**¶7**     Accordingly, we grant review, but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[2] Vanata also argues the superior court should have granted his motion for a change of judge, but this issue is also not properly before us. *See* Ariz. R. Crim. P. 32.1.