NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JESSICA ANN CASTILLEJO, *Appellant.*

No. 1 CA-CR 18-0315
FILED 5-7-2019

Appeal from the Superior Court in Mohave County
No. S8015CR201601269
The Honorable Billy K. Sipe, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jillian Francis
*Counsel for Appellee*

Janelle A. McEachern Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

---

**C R U Z**, Judge:

¶1        Jessica Ann Castillejo was convicted by a jury of seven counts of first-degree failure to appear in connection with a felony.  The superior court sentenced her to concurrent terms of seven years' imprisonment on each count.  On appeal, Castillejo contends that the jury's verdicts were not supported by sufficient evidence and the superior court erred by enhancing her sentences.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Castillejo was indicted for three felony charges in Mohave County.  In October 2014, while still in custody, Castillejo signed a "Determination of Release Conditions and Release Order" that required her, upon release from jail, to "[m]aintain contact with your attorney as directed" and explained, "[i]f you fail to appear the court may issue a warrant for your arrest and/or hold the trial or proceeding in your absence."  She was arraigned on the charges in November 2014 and July 2015, where she was admonished that "her failure to appear at any further hearing will result in the issuance of a bench warrant."

¶3        At the July 2015 arraignment, Castillejo, again in custody, signed a "Standard Conditions of Release" form, which ordered Castillejo to "[a]ppear to answer and submit [herself] to all further orders and processes of the court having jurisdiction of the case."  The court ordered Castillejo to be released from jail on her own recognizance.

¶4        Castillejo appeared telephonically for a probation violation hearing and a status conference on December 30, 2015, on all three underlying charges, at which time she was specifically ordered to appear in person for a violation hearing and status conference on February 12, 2016.

¶5        Castillejo did not appear at the February 12, 2016 hearing and a bench warrant was issued for her arrest.  The court scheduled the next proceeding for March 16, 2016.

¶6          The minute entry reflects that Castillejo failed to appear for the final management conference on March 16, 2016.  The court continued the trial and set a final management conference for May 4, 2016.  The minute entries reflect that Castillejo also failed to appear for the May 4, 2016 hearing and failed to appear at the four-day trial on May 23, 24, 25, and 26, 2016. Ultimately, the court entered a judgment of acquittal after the jury trial.

¶7          Castillejo then was indicted for seven new counts of failure to appear in the first degree, Arizona Revised Statutes ("A.R.S.") section 13-2507.  Count 1 alleged Castillejo failed to appear at the February 12, 2016 hearing; count 2 alleged she failed to appear on March 16, 2016; count 3 alleged she failed to appear on May 4, 2016; count 4 alleged she failed to appear on May 23, 2016; count 5 alleged she failed to appear on May 24, 2016; count 6 alleged she failed to appear on May 25, 2016; and count 7 alleged she failed to appear on May 26, 2016.  Following a jury trial, Castillejo was convicted and sentenced for all seven counts of failure to appear.  The jury found Castillejo committed these offenses while on felony release and thus, pursuant to A.R.S. § 13-708(D), the court added two additional years to the presumptive five-year sentence, and sentenced Castillejo to seven years' imprisonment for each count, all running concurrently.  Castillejo timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 13-4031 and -4033(A).

**DISCUSSION**

I.     Notice of Proceedings

¶8          Castillejo contends her convictions were not supported by sufficient evidence because the State did not present evidence showing Castillejo had actual notice of her trial dates.  We disagree.

¶9          We review *de novo* the claim that there was not substantial evidence to support the jury's verdicts.  *State v. Bible*, 175 Ariz. 549, 595 (1993).  "Reversible error based on insufficiency of the evidence occurs only where there is a complete absence of probative facts to support the conviction."  *State v. Soto-Fong*, 187 Ariz. 186, 200 (1996) (citation omitted). When addressing a challenge to the sufficiency of the evidence, we view the facts in the light most favorable to sustaining the verdict and resolve all inferences against the defendant.  *State v. Spears*, 184 Ariz. 277, 290 (1996).

¶10          Section 13-2507(A) provides, "A person commits failure to appear in the first degree if, having been required by law to appear in connection with any felony, such person knowingly fails to appear as

3

required, regardless of the disposition of the charge requiring the appearance." In *State v. Wiley*, the court concluded that A.R.S. § 13-2507 "proscribes failing to appear in court in connection with a felony regardless of whether the duty to appear originates in a statute, rule of procedure, court order, or combination thereof." 199 Ariz. 242, 244, ¶ 6 (App. 2001). Thus, if Castillejo had a duty to appear that originated in a court order, then she was "required by law" to appear under the meaning of § 13-2507.

¶11        Castillejo argues there is "no evidence that Ms. Castillejo received actual notice of the trial dates" and therefore her convictions should be reversed. The minute entries of her arraignments, pretrial hearings, and four-day trial, and signed release orders on the underlying offenses were admitted at Castillejo's trial on the failure to appear charges. As noted above, the release order compels Castillejo to appear for the trial and all further court proceedings, and the minute entry for the December 30, 2015 hearing reflects the superior court's order that Castillejo appear at the February 12, 2016 hearing in person. Accordingly, we conclude the State produced sufficient evidence that Castillejo was required to appear and had adequate notice of the pretrial hearings and the four-day trial.

¶12        Castillejo further contends that because she was last present at the December 30, 2015 hearing, she only had notice of the February 12, 2016 hearing. She argues that without actual notice of her trial dates, she did not "knowingly" fail to appear.

¶13        Section 13-105(10)(b) states that a person acts "knowingly" if she "is aware or believes that [her] conduct is of that nature or that the circumstance exists." The statute does not require any knowledge of the unlawfulness of the act or omission. Thus, to establish that Castillejo was guilty of failure to appear, the State needed to present evidence that she knowingly failed to appear as required. The statute does not require proof of actual notice.

¶14        Additionally, Castillejo was present telephonically at the December 30, 2015 hearing. At that hearing, the court ordered Castillejo to appear in person at the next hearing scheduled for February 12, 2016 and affirmed the prior release orders. The December 2015 minute entry reflects that an underlying charge was proceeding to trial. Contrary to her arguments, A.R.S. § 13-2507 does not require Castillejo's actual notice of her court dates. The signed Standard Conditions of Release form ordered her to "[a]ppear to answer and submit [herself] to all further orders and processes of the court having jurisdiction of the case." Further, she was admonished at her arraignments that "her failure to appear at any further

4

hearing will result in the issuance of a bench warrant." Moreover, Castillejo signed a release document that ordered her to "maintain contact with [her] attorney" and explained the court may "hold the trial or proceeding in [her] absence" as a consequence of failure to appear. Although Castillejo was absent from seven hearings, her attorney was present throughout those hearings without exception; if Castillejo had obeyed the court's order to remain in contact with her attorney, she would have known of all court dates. This is sufficient evidence that Castillejo was required to appear at all of her court dates and knowingly failed to appear as required. Accordingly, the superior court did not err.

II.      Sentence Enhancement

¶15      Castillejo contends that putting her felony release status twice at issue, once under the failure to appear conviction, A.R.S. § 13-2507, and again to enhance her sentence under A.R.S. § 13-708(D), constitutes double jeopardy. "Interpretation of a statute is a question of law that we review *de novo*." *State v. Jensen*, 193 Ariz. 105, 107, ¶ 16 (App. 1998).

¶16      We disagree with Castillejo's contention that consideration of her felony release status for purposes of enhancement under A.R.S. § 13-708(D) constitutes double jeopardy. It is well established that the enhancement effects of A.R.S. § 13-708 upon a term of imprisonment do not create a separate, triable offense to which jeopardy can attach.[1] *See State v. Hudson*, 158 Ariz. 455, 456 (1988) (citing *State v. Sowards*, 147 Ariz. 156, 158 (1985)) (stating double jeopardy does not preclude new enhancement evidence at resentencing). Castillejo did not face a "prosecution" on the issue of her felony release status, and therefore was not subject to double jeopardy protections on that basis.

¶17      Castillejo also argues that the superior court erred by enhancing her sentence under A.R.S. § 13-708(D) because "felony release" is also an element of failure to appear, A.R.S. § 13-2507. We disagree.

¶18      Under A.R.S. § 13-2507(A), a person commits failure to appear "if, having been required by law to appear in connection with any felony, such person knowingly fails to appear as required." The statute does not require a person to be on felony release to be convicted of failure to appear regarding felony charges. We have held that § 13-2507 "proscribes failing to appear in court in connection with a felony regardless of whether the

---

[1]      Section 13-708 was formerly A.R.S. § 13-607.01 and renumbered at § 13-604.02.

duty to appear originates in a statute, rule of procedure, court order, or combination thereof." *Wiley*, 199 Ariz. at 244, ¶ 6. Accordingly, felony release is not the only circumstance under which a person could commit failure to appear. For instance, a criminal defendant may, having never been in custody prior thereto, fail to appear pursuant to a properly served summons in a felony case. In that case, there is no felony release status which may be used to enhance any resulting sentence for the failure to appear charge.

**¶19**		In *Wiley*, the defendant was indicted for failure to appear in the first degree when he left the courthouse after a jury found him guilty and the court ordered the parties to assemble in the courtroom for sentencing. *Id.* at 243, ¶ 2. Although the defendant in *Wiley* similarly failed to abide by an order of the court, the defendant was not on felony release. Accordingly, we conclude that the provisions of A.R.S. §§ 13-708(D) and -2507 focus on different circumstances, impose different sentencing requirements, and can be applied independently to the same defendant. *See State v. Torrez*, 141 Ariz. 537, 540 (App. 1984).

**¶20**		Finally, Castillejo argues the court erred by enhancing her sentence under A.R.S. § 13-708(D) for committing failure to appear while on felony release because she was ultimately acquitted at the trial she missed. We disagree.

**¶21**		Under A.R.S. § 13-708(D):

> A person who is convicted of committing any felony offense that is committed while the person is *released on bond or on the person's own recognizance on a separate felony offense or while the person is escaped from preconviction custody* for a separate felony offense shall be sentenced to a term of imprisonment two years longer than would otherwise be imposed for the felony offense committed while on release.

(emphasis added). The statute does not require a person to be convicted of the "separate felony." *Id.* Rather, the statute contemplates that the sentencing enhancement applies when a defendant commits a new felony while on release or escape from lawful custody due to a different felony charge. The statute does not require a conviction of the "separate felony." *See State v. Rios*, 217 Ariz. 249, 250, ¶ 7 (App. 2007) ("We will refrain from construing a statute to require something not within the plain intent of the legislature as expressed by the language of the statute."). Accordingly, the superior court did not err.

## CONCLUSION

¶22     For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA