RENDERED:  JULY 25, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0861-MR

ZANE R. FOOTE                                                          APPELLANT


APPEAL FROM BUTLER CIRCUIT COURT
v.        HONORABLE TIMOTHY R. COLEMAN, JUDGE
ACTION NO. 24-CR-00018


COMMONWEALTH OF KENTUCKY                                               APPELLEE


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  COMBS, L. JONES, AND TAYLOR, JUDGES.

COMBS, JUDGE:  The Appellant, Zane R. Foote, was convicted of felony non-support in a prior case, No. 16-CR-00133, and the trial court granted shock probation.  Thereafter, Foote's shock probation was revoked, and the trial court ordered Foote to report to jail. He failed to do so, giving rise to the present indictment now before us on appeal.

On March 18, 2024, a Butler County grand jury indicted Foote in Butler Circuit Court, No. 24-CR-00018, charging:

> that on or about January 22, 2024 in Butler County, Kentucky, the above-named defendant, Zane Foote, committed the offense of Bail Jumping in the First Degree when he failed to appear at the Butler County Jail as ordered on a felony case in Butler Circuit Court Action Nos. [*sic*] 16-CR-00133.

Bail jumping in the first-degree is governed by KRS[1] 520.070, which provides in relevant part that:

> (1) A person is guilty of bail jumping in the first degree when, having been released from custody by court order, with or without bail, upon condition that he will subsequently appear at a specified time and place in connection **with a charge of having committed a felony**, he intentionally fails to appear at that time and place.

(Bold-face emphasis added.)

At arraignment, Foote's counsel moved the trial court to dismiss the indictment pursuant to RCr[2] 8.18.  Counsel argued that the basis upon which Foote was indicted was not a crime; *i.e.*, that the indictment itself failed to state a crime. He contended that while KRS 520.070(1) requires an underlying felony *charge*, Foote was on shock-probation at the time that he failed to appear.  The status of

---

[1] Kentucky Revised Statutes.

[2] Kentucky Rules of Criminal Procedure.

being a probation violator is not an offense. Although, the trial court orally denied the motion, it said that counsel could refile it.

On April 18, 2024, Foote filed a written motion to dismiss the indictment with prejudice. He argued that under KRS 520.070, the indictment must contain the *pending charge* for which the defendant did not appear and that a bill of particulars "will not clear this up, because Mr. Foote did not have a pending felony charge in 16-CR-00133." Rather, Foote had been sentenced in that case on August 13, 2019, and that "this is a conviction, not a charge." Thus, counsel essentially argued that the underlying felony offense was an accomplished, finished event; it could not properly serve as a predicate for this charge of bail jumping, which could only be properly premised on probation violation.

On June 11, 2024, before the trial court ruled on his written motion, Foote entered an unconditional guilty plea to Count 1: Bail Jumping-1st Degree. Foote accepted a five-year sentence, and the Commonwealth agreed to shock probation once Foote met certain conditions. The trial court sentenced Foote to five years.[3]

Foote now appeals, arguing that the indictment did not adequately state an offense and thus that it did not confer subject matter jurisdiction upon the trial court. Foote notes that even if defense counsel did not preserve the issue

---

[3] The trial court later placed Foote on shock probation in this case.

below, "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense[.]" RCr 8.18(1)(b). Foote also cites *Windsor v. Commonwealth*, 250 S.W.3d 306 (Ky. 2008), which holds that:

> While an unconditional guilty plea waives the right to appeal many constitutional protections as well as the right to appeal a finding of guilt on the sufficiency of the evidence, . . . there are some remaining issues that can be raised in an appeal. These include competency to plead guilty; whether the plea complied with the requirements of *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); **subject matter jurisdiction and failure to charge a public offense**; and sentencing issues.

*Id.* at 307 (bold-face emphasis added) (footnotes omitted).

Therefore, we may consider the issues which Foote raises on appeal regardless of preservation concerns. Because the facts are not in dispute and the fact that Foote's argument raises issues of statutory interpretation, our review is *de novo*. *Commonwealth v. Moore*, 545 S.W.3d 848, 850 (Ky. 2018).

As Foote explains at pages 6-7 of his Appellant's brief, the bail-jumping indictment incorrectly lists the felony case for which Foote failed to report to jail as No. 16-CR-00133. Again, Foote had already been convicted and sentenced for felony non-support in that case; his sentence had been shock-probated; and his probation had been revoked. Thus, there was no pending felony *charge* in No. 16-CR-00133 when Foote allegedly jumped bail. Foote submits that

-4-

"first-degree bail jumping requires a failure to appear 'in connection with a *charge* of having committed a felony[.]' KRS 520.070(1) (emphasis added)." He also argues that "[v]iolating probation is not a charge. A probationer has already been convicted. Thus, bail jumping applies to a failure to appear in connection to *pending* substantive charges, not a failure to appear regarding post-judgment probation."

Foote relies upon *Curley v. Commonwealth*, 895 S.W.2d 10 (Ky. App. 1995). In *Curley*, the Court examined KRS 520.070(1) as well as KRS 520.080(1),[4] which governs bail jumping in the second degree. Curley had been indicted for: (1) theft by unlawful taking over $300, a Class D felony; (2) receiving stolen property over $100, a Class D felony; (3) third-degree criminal trespass, a violation; and (4) giving a peace officer a false name or address, a Class B misdemeanor. *Id.* at 11.

Curley pled guilty to an amended charge of theft by unlawful taking under $300, a Class A ***misdemeanor***, as well as the charges of third-degree

---

[4] KRS 520.080(1) provides:

> A person is guilty of bail jumping in the second degree when, having been released from custody by court order, with or without bail, upon condition that he will subsequently appear at a specified time and place in connection with a charge of having committed a **misdemeanor**, he intentionally fails to appear at that time and place.

(Emphasis added.)

-5-

criminal trespass and giving a peace officer a false name or address. The felony charge of receiving stolen property over $100 was dismissed. The trial court accepted Curley's plea and scheduled him for sentencing. However, Curley failed to appear for sentencing. The trial court issued a bench warrant. Ultimately, Curley was indicted for first-degree bail jumping. *Id.*

Curley entered a conditional guilty plea to first-degree bail-jumping. On appeal, Curley argued that he could not be convicted of first-degree bail jumping under KRS 520.070(1) because the original felony charge of theft by unlawful taking had been amended to a misdemeanor charge before the bail jumping occurred. The Commonwealth argued that Curley could be convicted of first-degree bail jumping because he had *originally* been charged with two felonies, emphasizing that the charge brought against the defendant was key to understanding KRS 520.070 -- *not* the state of proceeding at the time he failed to appear. *Id.* at 11-12. The Court disagreed with the Commonwealth and explained:

> If the words of the statute are plain and unambiguous, the statute must be applied to those terms without resort to any construction or interpretation. **The words of KRS 520.070 and KRS 520.080 are plain and unambiguous, and thus dispositive of this appeal. We hold that the nature of the charge(s) against a defendant at the time he jumps bail determines whether KRS 520.070 or KRS 520.080 applies. We cannot accept the argument that a defendant who is originally charged with a felony, but later has the charge amended to a misdemeanor or dismissed, is always subject to the charge of first-degree bail**

> **jumping**.  Such an interpretation negates the plain
> meaning of both KRS 520.070 and KRS 520.080.
> Because Curley was charged only with two
> misdemeanors and a violation at the time he jumped bail,
> he can only be charged with second-degree bail jumping.

*Id.* at 12 (bold-face emphasis added) (internal quotations marks and citations omitted).  In other words, in *Curley*, the Court found that "the plain and unambiguous meaning of KRS 520.070 . . . prohibit[s] Curley's conviction for [first-degree bail jumping.]" *Id.* at 11.

The plain and unambiguous words of KRS 520.070(1) have not changed since *Curley* was decided.  When Foote failed to report to jail after his probation had been revoked in No. 16-CR-00133, there was ***no*** pending felony charge against him.  That felony charge had been adjudicated and was no longer a viable predicate for the charge of first-degree bail jumping.  Consequently, under the circumstances of this particular case, we agree with Foote that the indictment did not state a public offense and did not confer subject matter jurisdiction on the trial court.

In reaching this conclusion, we find helpful guidance in the reasoning of a recent decision from one of our sister states.  *New Mexico v. Office of Public Defender on Behalf of Yazzie*, ___ P.3d ___, 2025 WL 1023443 (N.M. 2025), addressed the issue of the validity of a criminal defendant's plea to a non-existent crime.  The Supreme Court of New Mexico explained that:

-7-

To date, our appellate courts have not had the opportunity to consider the validity of a criminal defendant's plea to a nonexistent crime. This Court has, however, had the opportunity to consider a similar issue— the efficacy of a district court's sentence imposed absent statutory authority. In *State v. Trujillo*, this Court reasoned that "[a] trial court's power to sentence is derived exclusively from statute." 2007-NMSC-017, ¶ 10, 141 N.M. 451, 157 P.3d 16 (internal quotation marks and citation omitted). If the district court was not statutorily or constitutionally permitted to sentence the defendant in the manner he was sentenced, then his sentence is illegal. *See id.* ¶ 9. *Trujillo* explained that a defendant's plea to an illegal sentence rises to the level of a jurisdictional defect. *Id.* ¶ 8. And, a defendant who pleads guilty "does not waive jurisdictional errors." *Id.*

*Id.* at *3. Relying upon those principles, the Court in *Yazzi* held that a court's "acceptance of a guilty or no contest plea to a nonexistent crime is a jurisdictional error that cannot be waived by a plea agreement and can be raised for the first time on appeal." *Id.*

Granted, first-degree bail jumping -- in and of itself -- is not a "nonexistent crime"; however, Foote's indictment for first-degree bail jumping in the case before us was premised upon a felony charge that did not exist when the failure to appear occurred. Thus, as in *Curley*, the plain and unambiguous language of KRS 520.070 prohibits Foote's conviction for first-degree bail jumping, and Foote's guilty plea to first-degree bail jumping cannot stand.

Accordingly, we vacate Foote's guilty plea, reverse the judgment and conviction, and remand to the trial court for a dismissal of the case.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Joshua M. Reho
Louisville, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Christopher Henry
Assistant Solicitor General
Frankfort, Kentucky