William BEANE, Movant,

v.

COMMONWEALTH of Kentucky, Respondent.

No. 86–SC–931–DG.

Supreme Court of Kentucky.

July 2, 1987.

J. Vincent Aprile, II, Asst. Public Advocate, Frankfort, for movant.

David L. Armstrong, Atty. Gen., Frankfort, Elizabeth A. Myerscough, Asst. Atty. Gen., Michael L. Harned, Asst. Atty. Gen., for respondent.

GANT, Justice.

Movant was tried and convicted of driving a motor vehicle under the influence of alcohol and operating said vehicle on a suspended license. He was convicted by a Calloway District Court jury on both charges, fined $200 for the DUI conviction and given a sentence of 15 days in jail for driving on the revoked or suspended license.

For the first conviction above, the district judge imposed a service fee in the amount of $150 under the provisions of KRS 189A.050, which reads:

> 189A.050. Service fee—Amount—Payment—Remedies for non-payment. —(1) All persons convicted of violation of KRS 189A.010 shall be sentenced to pay a service fee of one hundred fifty dollars ($150), which shall be in addition to all other penalties authorized by law.
>
> (2) The fee shall be imposed in all cases but shall be subject to the provisions of KRS 534.020 relating to the method of imposition and KRS 534.060 as to remedies for nonpayment of the fee.
>
> (3) The service fee shall be utilized....

The first question posed by movant requires determination of whether this "service fee" set out in KRS 189A.050 is a part of the court costs and thus subject to be avoided under the provisions of KRS 453.-190, which provides for application by a poor person, as defined in said statute, made pursuant to motion with accompanying affidavit. It is our opinion that the mandatory service fee imposed herein constitutes an additional "fine" or "penalty." It is never described in KRS 189A.050 as a part of the court costs but pointedly made subject to the provisions of KRS Chapter 534, which chapter is entitled "Fines"; and the particular statutes made a part of KRS 189A.050—viz., KRS 534.020 and .060—deal with the method of imposing *fines* and the procedures to be followed in the event of nonpayment. It is clearly the intent of the legislature to treat this service fee as a fine. Movant, of course, is not without remedy. His indigence, if such is present, is clearly a factor which may be considered under KRS 534.060 if it is later shown to be a factor in his *subsequent* nonpayment.

In addition to the service fee, above discussed, the court taxed court costs in the amount of $47.50. No motion for avoidance of those costs or accompanying affidavit was filed herein after the judgment, as provided by KRS 453.190. The only affidavit which was filed related to KRS 31.120, dealing with appointment of counsel, and was made prior to trial.

The opinion of the Court of Appeals dealing with these matters is affirmed.

STEPHENS, C.J., and STEPHENSON, VANCE and WINTERSHEIMER, JJ., concur.

LEIBSON and LAMBERT, JJ., dissent.

LEIBSON, J., files a dissenting opinion in which LAMBERT, J., joins.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

The "service fee of one hundred fifty dollars ($150)" provided for in KRS 189A.050 is an administrative function, and not a punishment or fine. The present holding, classifying the service fee as an additional criminal penalty which shall be imposed by the judge upon conviction, raises the same kind of problems as discussed in *Commonwealth v. Steiber*, Ky., 697 S.W.2d 135 (1985). In *Steiber*, we held that the new statute providing for court administered revocation of a defendant's driver's license upon conviction for driving under the influence is ministerial in nature, and not an additional punishment, and, therefore, that the jury need not be instructed that the defendant's operator's license will be revoked upon conviction. If the service fee in the present case is a penalty, the

defendant should have the right to have the jury instructed that this penalty will be imposed in addition to any sentence provided by the jury.

The nature of this service fee as a cost, rather than an additional criminal penalty, is confirmed by subsection three (3) of KRS 189A.050:

"The service fee shall be utilized to fund enforcement of this chapter and for the support of jails, recordkeeping, and treatment and education programs authorized by this chapter."

In contrast, if a criminal penalty, the service fee would be subject to KRS 431.-100, recently reenacted (see Acts 1986, ch. 336, § 8, eff. July 1, 1986). This statute provides that with certain specified exceptions which do not include the service fee in KRS 189A.050, "all fines and forfeitures imposed by law or ordinance shall inure to and vest in the Commonwealth."

However, the fact that this service fee should be classified as a cost, and not a fine or penalty, does not mean that I think that the movant, William Beane, was entitled to relief. His affidavit under KRS 31.120 was insufficient to entitle him to relief under KRS 453.190. The former statute sets out the circumstances justifying the appointment of counsel for an indigent person and the latter statute sets out the circumstances justifying the waiver of court costs and statutory fees. KRS 453.-190(2) requires a greater degree of indigency than KRS 31.120. KRS 453.190 requires proof that the defendant cannot pay "without depriving himself or his dependants of the necessities of life, including food, shelter or clothing."

The within case should be reversed and remanded to the trial judge in District Court with directions to consider waiving costs, including the service fee, under KRS 453.190, *if* the defendant furnishes proof, as required by the applicable statute.

LAMBERT, J., joins in this dissent.