RENDERED: APRIL 26, 2018
TO BE PUBLISHED

# Supreme Court of Kentucky

FINAL

2016-SC-000275-DG

DATE 5/17/18 Kim Redmon, DC

COMMONWEALTH OF KENTUCKY                                        APPELLANT


ON REVIEW FROM COURT OF APPEALS
V.                    CASE NO. 2014-CA-001444-MR
CARROLL CIRCUIT COURT NO. 14-XX-00004


DAVID J. MOORE                                              APPELLEE


## MEMORANDUM OPINION OF THE COURT

## REVERSING

The Commonwealth of Kentucky appeals from an opinion of the Court of

Appeals, which vacated and remanded the Carroll Circuit Court's affirmation of

the Carroll District Court's imposition of a fine upon Appellee David J. Moore

for driving under the influence (DUI), first offense. We reverse the Court of

Appeals and reinstate the judgment of the Carroll District Court ordering

payment of the fine.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

Moore was arrested on April 11, 2013, for third-degree criminal mischief

and DUI, first offense. Moore had qualified as indigent for the appointment of

counsel, and counsel had been appointed for him. In the pretrial stages of his

prosecution, Moore asked that he be permitted to represent himself. After the *Faretta*[1] hearing, he accepted hybrid representation. Appointed counsel conducted pretrial procedures. When the case went to trial in the Carroll District Court, appointed counsel remained on standby as Moore represented himself.

Although the jury acquitted Moore of criminal mischief, it convicted him on the DUI charge and recommended for his punishment a fine of $200. The trial court imposed the $200 fine and, in addition, assessed the $375 service fee mandated by KRS 189A.050. Because of his indigency, the district court waived the imposition of court costs and permitted him to proceed *in forma pauperis*. The fine and service fee totaling $575 were not waived but the trial court permitted Moore to pay them in monthly installments of at least $25.

Moore appealed to the Carroll Circuit Court arguing that the evidence was insufficient to support his conviction and that the fine and service fee totaling $575 were erroneously imposed because he was indigent. The circuit court affirmed the trial verdict and the assessment of the fine and service fee. The circuit court reasoned that, since the determination of indigency must be made at every stage of the proceeding, the district court implicitly found at sentencing that Moore was not indigent, despite his prior appointment of counsel and the waiver of court costs.

---

[1] *Faretta v. California*, 422 U.S. 806 (1975).

2

On discretionary review, the Court of Appeals vacated the imposition of the entire $575. We granted the Commonwealth's motion for further review. As a result, we now reverse the Court of Appeals and reinstate the Carroll District Court's order imposing the fine and the service fee.

The sole issue before us involves the interpretation of statutes that govern the imposition of fines for misdemeanor offenses and specifically for DUI, first offense, and the statutes exempting certain indigent offenders from fines. We also examine the statute imposing the DUI service fee. The interpretation of statutes is a matter of law which we review de novo. *Bob Hook Chevrolet Isuzu, Inc. v. Transportation Cabinet*, 983 S.W.2d 488, 490 (Ky. 1998). We afford no deference to the statutory interpretations of the lower courts. *Cinelli v. Ward*, 997 S.W.2d 474, 476 (Ky. App. 1998).

## II. ANALYSIS

The Court of Appeals concluded that because a first offense DUI is a misdemeanor, and because Moore qualifies as an indigent person under KRS Chapter 31, he was entitled to the waiver of fines for indigent persons set forth in KRS 534.040.[2] We are constrained to disagree.

---

[2] For purposes of our review, we shall accept as true that Moore is properly characterized as an indigent person under KRS Chapter 31.

## A. THE INDIGENCY EXEMPTION PROVIDED BY KRS 534.040(4) IS NOT AVAILABLE TO MOORE.

KRS 534.040, titled "Fines for misdemeanors and violations" provides in pertinent part:

> (2) Except as otherwise provided for an offense defined outside this code, a person who has been convicted of any offense other than a felony shall be sentenced, in addition to any other punishment imposed upon him, to pay a fine in an amount not to exceed:
>
> (a) For a Class A misdemeanor, five hundred dollars ($500); or
>
> (b) For a Class B misdemeanor, two hundred fifty dollars ($250); or
>
> (c) For a violation, two hundred fifty dollars ($250).
>
> . . .
>
> (4) Fines required by this section shall not be imposed upon any person determined by the court to be indigent pursuant to KRS Chapter 31.

KRS 534.040 generally establishes the fines that can be imposed for misdemeanors and violations, but subsection (2) expressly excepts from its provisions any "offense defined outside this code" where the fine has been "otherwise provided." "This code" means the Kentucky Penal Code, KRS Chapters 500 through 534.

By its plain language, the fines that KRS 534.040 requires for misdemeanor offenses do not apply to crimes that are defined outside the penal code. By its own clear language, the indigency exemption of subsection (4) applies only to "fines required by" KRS 534.040. In other words, the plain language of the statute grants an indigency exemption *only* for misdemeanors defined within the penal code and for which KRS 534.040 establishes the

4

applicable fines. We find no ambiguity, and so, there is no alternate reading of the statute that would lead us to a different construction.

KRS Chapter 189A, rather than the Kentucky Penal Code, provides the body of law that primarily governs the offense of driving under the influence. KRS 189A.010(1) defines the conduct that constitutes the crime of DUI. KRS 189A.010(5) states with particularity the fines that may be imposed for DUI, as a first, second, and third offense. Specifically, KRS 189A.010(5)(a) provides that for a first DUI offense within a ten-year period, the offender shall be fined not less than $200 nor more than $500.[3] In like fashion, subsections (b) and (c) of KRS 189A.010(5) provide, respectively, the fines applicable to second and third offense DUIs.

We find no ambiguity in the statutes under review insofar as they relate to availability of the indigency exemption for fines imposed under KRS 189A.010(5)(a), first offense DUI. As we recently summarized in *University of Louisville v. Rothstein*:

> In interpreting a statute, we have a duty to accord to words of a statute their literal meaning unless to do so would lead to an absurd or wholly unreasonable conclusion. As such, we must look first to the plain language of a statute and, if the language is clear, our inquiry ends. We hold fast to the rule of construction that the plain meaning of the statutory language is presumed to be what the legislature intended, and if the meaning is plain, then the court cannot base its interpretation on any other method or source. In

---

[3] This subsection also sets applicable imprisonment sentences that may be imposed as punishment in addition or as an alternative to a fine, depending on the circumstances. The applicable imprisonment provisions are not germane to this appeal.

5

other words, we assume that the Legislature meant exactly what it said, and said exactly what it meant.

532 S.W.3d 644, 648 (Ky. 2017) (internal alterations, citations, and quotation marks omitted). Bound by those time-proven standards, we cannot re-write the plain language of the statutes. Instead, we can only acknowledge their plain meaning. Moore's $200 fine for a first offense DUI simply falls outside the parameters that KRS 534.040(4) sets for the indigency exemption. Consequently, the exception is unavailable to him and the trial court correctly declined to waive the fine.

Our rules of statutory construction, however, do not constrain us from commenting upon plainly-written statutes when oddities within them are exposed by the litigation before us. As noted above, subsections (a), (b), and (c) of KRS 189A.010(5) respectively prescribe the fines that can be imposed for the misdemeanors of first, second, and third offense DUI. Because DUI is defined outside the penal code and because the fines for DUI as a first, second, or third offense are not "fines required by KRS 534.040," the indigency exemption of KRS 534.040(4) is not available to an indigent person convicted of those misdemeanors.

In marked contrast with the fines specifically detailed in 189A.010(5)(a), (b), and (c) for first, second, and third time DUI offenders, KRS 189A.010(5)(d), pertaining to fourth and subsequent DUI offenses, specifies no fines. Instead, the statute simply designates DUI, fourth or subsequent offense, as a Class D

6

felony.[4] Thus, for fines that can be imposed for a felony DUI offense, one must refer to fines generically provided in the penal code for any Class D felony. That statute is KRS 534.030, which sets the fines for felony offenses and, as relevant to our inquiry, is perfectly analogous to its misdemeanor counterpart, KRS 534.040, including the exemption for indigent persons provided by KRS 534.030(4). But because the fine for a felony DUI (fourth or subsequent offense) is not set forth in KRS Chapter 189A, but is instead found in the penal code provision, KRS 534.030, which sets fines for felony offenses generally, a DUI felon (fourth or subsequent offense) who is indigent may be exempted from the payment of their fines while DUI misdemeanants like Moore, who are indigent, are allotted no such relief.

Our recognition of that anomaly does not afford us the authority or opportunity to change it. As noted above, we presume the legislature intended what it plainly states in the statutes. We cannot presume this differential treatment is unintended, although we recognize that it is most likely an unforeseen consequence of the way the DUI penalty provisions of KRS 189A.010(5) were drafted. If any of the statutes involved here were ambiguous, we could consider an interpretation that takes the apparent anomaly into account. But, they are not ambiguous.

---

[4] While KRS 189A.010(5)(d) does not explicitly prescribe the range of punishments to be imposed upon fourth or subsequent DUI offenses, it does provide a mandatory minimum term of imprisonment of 240 days when certain aggravating circumstances are present.

We may wonder why the legislature would provide more advantageous treatment of indigent DUI felons, who may be relieved of their fines by KRS 534.030(4), while indigent DUI misdemeanants cannot. But "the power to define crimes and *assign their penalties* belongs to the legislative department . . . ." *McClanahan v. Commonwealth,* 308 S.W.3d 694, 700 (Ky. 2010) (quoting *Hoskins v. Maricle,* 150 S.W.3d 1, 11 (Ky. 2004)); *see also Hampton v. Commonwealth,* 666 S.W.2d 737, 741 (Ky. 1984) ("[T]he appropriate range for the length of sentence is determined 'purely a matter of legislative prerogative.'"). This oddity is within the legislature's prerogative and its correction, if indeed correction is warranted, must come from the legislature. Accordingly, we reverse the decision of the Court of Appeals and reinstate the fine imposed by the trial court.

We further find significant the fact that KRS 189A.130 explicitly invokes the nonpayment provisions of KRS 534.020 and KRS 534.060 for DUI offenders who fail to pay a DUI fine. Neither of those sections contains the exclusion of offenses defined outside the penal code that we find in KRS 534.030(4) and 534.040(4), an omission which further suggests that the General Assembly has, for whatever reason, chosen to exclude DUI misdemeanants from the indigency exemption.[5]

---

[5] We note that the trial court found Moore to be a "poor person" and as such, waived Moore's obligation to pay court costs. This Court has held that it is a contradiction to classify a defendant as a poor person but not an indigent person. *McMahan v. Commonwealth,* No. 2010-SC-000162-MR, 2012 WL 601216, at *1, *5 (Ky. Feb. 23, 2012). Should we have ruled in Moore's favor, this contradictory classification would have added support for that decision. However, because we hold that Moore is not entitled to the indigency exemption contained in KRS 534.040(4), the

## B. MOORE IS NOT ENTITLED TO A WAIVER OF THE DUI SERVICE FEE.

Throughout the proceedings in this case, from the district court through the Court of Appeals, the $200 fine and the $375 service fee were regarded as single assessment of $575, notwithstanding the fact that each arises under a different statutory section. Neither Moore nor the Commonwealth now challenges that assumption. Undoubtedly, that is because, when this Court first analyzed the DUI service fee in *Beane v. Commonwealth,* we held "the mandatory service fee imposed herein [pursuant to KRS 189A.050] constitutes an additional 'fine' or 'penalty.'" 736 S.W.2d 317, 318 (Ky. 1987).

The issue in *Beane* was whether the DUI service fee was a fine, for which no indigency exemption existed at the time,[6] or a court cost which could be subject to such an exemption. No other alternative seems to have been considered. Justice Leibson disagreed with the classification of the service fee as a fine. In his dissent, he asserted that the service fee "is an administrative function, and not a punishment or fine." He further noted that if the service fee was held to be a penalty for the illegal act of driving under the influence, then "the defendant should have the right to have the jury instructed that this penalty will be imposed in addition to any sentence provided by the jury." *Id.* at 319.

---

distinction is irrelevant. We mention this distinction as a reminder of the significance of adhering to the proper statutory methods for determining a criminal defendant's indigency and poor person status.

[6] At that time, the General Assembly had not yet expressed any intention to exempt indigent convicted offenders from fines, although "poor persons" had been exempted from court costs.

9

Upon reflection, we now agree with Justice Leibson that the classification of the DUI service fee as a fine was erroneous, and we overrule *Beane*. We do not, however, accept the opposing view that it be classified as part of court costs. We are satisfied that it is neither.

The service fee imposed by KRS 189A.050 is an administrative function. The DUI service fee cannot be equated with fines or court costs because the statutes repeatedly distinguish between them. *See* KRS 24A.176(2) ("In criminal cases a fee of twenty dollars ($20) shall be added to the costs imposed by KRS 24A.175 that the defendant is required to pay."); *see also* KRS 24A.180 Disposition of District Court fees *and* costs (emphasis added). "Installment plans shall be applied first to court costs, then to restitution, then to fees, and then to fines." KRS 534.020(2)(c).

We have statutes and court rules that provide for filing fees, CR 3.03, and fees required for an individual released on probation or parole subject to supervision by the Department of Corrections, KRS 439.315. This Court has also analyzed jail fees and found them not to be considered "costs" subject to KRS 31.110(1)(b). *Jones v. Commonwealth*, 382 S.W.3d 22, 33 (Ky. 2011). The jail fee is to "reimburse the county for expenses incurred by reason of the prisoner's confinement," whereas costs are those more directly connected to the defense of the charges. *Id.*

This interpretation that the service fee is not a fine is consistent with these statutes and rules even though the service fee in KRS 189A.050 is subject to enforcement pursuant to KRS 534.020, located in the "Fines"

10

chapter of the penal code. KRS 534.020 also deals with imposition of court costs and fees, in addition to fines. Court costs have their own statutory section in Chapters 23A and 24A. The mere fact that the service fee is subject to KRS 534.020 does not make it a fine, no more than the fact that court costs are not fines even though they are also subject to KRS 534.020.

Even though the service fee is not a fine, it is subject to waiver under KRS 534.020(3)(a)(1), which may or may not result in complete elimination of the defendant's responsibility for payment of the service fee. The waiver required in KRS 534.020 is more stringent than the waiver associated with indigency, not in the substantive inquiry of ability to pay, but rather in the process required of courts and defendants. The service fee must be imposed in all cases. Only after its imposition can the court analyze a defendant's ability to pay by way of a show cause hearing. If a defendant is unable to pay, "the court may enter an order allowing additional time for payment, reducing the amount of each installment, or modifying the manner of payment in any other way." KRS 534.020(3)(a)(1).

The service fee is allocated to multiple departments and agencies of the Commonwealth, including the Department of Public Advocacy. Because the service fee benefits many programs and services, the policy behind requiring payment thereof, in most instances, is a sound one. This also further supports the Court's interpretation of the service fee as an administrative function and, in fact, a fee, distinct and separate from both fines and court costs.

11

Because the trial court exercised its discretion to permit Moore to pay the service fee, along with his fine, at the rate of $25 per month, pursuant to KRS 534.020, as expressly authorized by KRS 189A.050, Moore is not entitled to further consideration of the fee waiver absent an abuse of discretion. We find no abuse of discretion in the trial court's decision to permit installment payments rather than a complete waiver of the fee.

### III. CONCLUSION

For the reasons set forth above, we reverse the Court of Appeals and reinstate the order of the Carroll District Court imposing upon Moore the fine of $200 and the service fee of $375, payable in installments as directed by the trial court.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Andy Beshear
Attorney General of Kentucky
Jason Bradley Moore
Assistant Attorney General

COUNSEL FOR APPELLEE:

John Gerhart Landon
Assistant Public Advocate

12