MAZE, JUDGE:
Appellant, Samuel Fultz, appeals from an Order of Judgment and Sentence following his conviction on drug and traffic-related charges. He argues that the Rowan Circuit Court erred when it overruled his motion to suppress evidence seized as the result of a traffic stop, the initiation of which Fultz contends lacked sufficient reasonable suspicion and probable cause. Fultz also challenges the trial court's order that he pay fines because the court previously found Fultz to be indigent for purposes of representation by the Department of Public Advocacy (DPA).
In our prior opinion, this Court found substantial evidence to support the trial court's conclusion that the officer had reasonable suspicion of criminal activity to support the traffic stop, and that the officer did not unreasonably prolong the traffic stop during the brief period before Fultz gave permission to search the vehicle. Therefore, we held that the trial court properly denied his motion to suppress. We also held that the trial court was authorized to impose court costs on Fultz. However, we concluded that the trial court was not authorized to impose fines on Fultz's misdemeanor convictions given his indigent status, and reversed the sentence imposing the fines.
The Commonwealth filed a motion seeking discretionary review of the latter holding. On June 6, 2018, the Supreme Court of Kentucky granted the motion and remanded the matter to this Court for further consideration of the Court's decision in Commonwealth v. Moore , 545 S.W.3d 848 (Ky. 2018). Having reviewed the reasoning and holding in Moore , we conclude that the trial court was authorized to impose a misdemeanor fine on Fultz for the offense of excessive window tinting, but it was not authorized to impose a fine on him for possession of drug paraphernalia. Because neither the Commonwealth nor Fultz sought discretionary review on the other issues raised in our prior opinion, we re-adopt the holding on those matters as if fully set forth herein. Hence, we affirm the judgment of conviction, the sentence imposing the court costs, and the $100 fine for excessive window tinting, but we reverse the sentence imposing the $500 fine for possession of drug paraphernalia.
*387 Background
The facts of this case were fully set forth in our prior opinion. For purposes of this appeal, the following facts are relevant. Following a traffic stop on July 30, 2014, Fultz was charged with Trafficking in a Controlled Substance (Two or More Grams Heroin), Possession of Drug Paraphernalia, and Excessive/Improper Window Tinting. Fultz filed a motion to suppress the evidence seized during the stop, arguing that the officer's stop was pretextual, without probable cause, and was impermissibly extended after it became apparent that there was no traffic violation.
On May 12, 2015, the trial court conducted an evidentiary hearing on the motion at which the sole witness was Kentucky State Police Trooper Steve Mirus. Based upon Trooper Mirus's testimony, the trial court denied the motion to suppress. Thereafter, a jury convicted Fultz of the charged offenses. Based on the jury's verdict, the trial court sentenced Fultz to ten-years' imprisonment. The court also imposed fines of $100 for excessive window tinting and $500 for possession of drug paraphernalia. Finally, the court ordered Fultz to pay court costs. Fultz's appointed counsel requested that the trial court suspend the misdemeanor fines, since he had been previously found to be indigent. The trial court denied the motion, but ordered Fultz to pay the $100 fine within one year of his release from prison and the $500 fine within eighteen months of his release.
On appeal, this Court affirmed the trial court's denial of Fultz's motion to suppress and the imposition of court costs. Since those issues were not appealed further, we have no reason to address them again. However, this Court held that KRS 534.040 precluded imposition of the misdemeanor fines because the trial court had determined that he was indigent. Consequently, we reversed the sentence imposing those fines.
Analysis
In granting the Commonwealth's motion for discretionary review, the Kentucky Supreme Court directed this Court to consider the issue in light of its recent holding in Moore . Our prior opinion mentioned that the Supreme Court had accepted discretionary review in Moore , but we declined to hold Fultz's in abeyance pending the outcome of that case. In Moore , the Supreme Court addressed the scope and application of KRS 1 534.040(4), which provides, "[f]ines required by this section shall not be imposed upon any person determined by the court to be indigent pursuant to KRS Chapter 31."
The Court held that, "[b]y its plain language, the fines that KRS 534.040 requires for misdemeanor offenses do not apply to crimes that are defined outside the penal code." Moore , 545 S.W.3d at 850. In Moore , the defendant was charged with the misdemeanor offense of driving under the influence (DUI), first offense. The Court noted that KRS 189A.010(1) defines the conduct that constitutes the crime of DUI. Furthermore, KRS 189A.010(5) states with particularity the fines that may be imposed for DUI. Since the offense and sentence for DUI are defined outside the penal code, the Court concluded that the misdemeanor fine for first-degree DUI was not subject to the indigency provisions of KRS 534.040(4). Id. at 851.
The Court recognized that this creates an anomalous result, as KRS Chapter 189A does not set out fines for felony DUI offenses. Since those fines are imposed as provided by KRS 534.030, they are subject to the indigency provisions of KRS 534.030(4). Nevertheless, the Court concluded *388 that the legislature created this anomaly, and only the legislature is authorized to change it. Id. at 852.
In the current case, the offense of excessive window tinting is defined by KRS 189.110. At the time of the offense, KRS 189.990(1) set out the fine for violation of the statute at not less than $20 nor more than $100 for each offense. As in Moore , since both the offense and the fine for excessive window tinting is defined outside of the penal code, the $100 fine imposed was not subject to waiver.
The offense of possession of drug paraphernalia is defined by KRS 218A.500(2). However, the statute further specifies that "[a]ny person who violates any provision of this section shall be guilty of a Class A misdemeanor." KRS 218A.500(7). Chapter 218A does not state a penalty for violation of the statute, but merely refers to the general misdemeanor sentencing statute, KRS 534.040(2).
Although the offense is defined outside of the penal code, the sentence is imposed under the penal code. While this appears to be another anomalous result, the reasoning of Moore expressly holds that a fine imposed under the penal code is subject to the indigency provisions of KRS 534.040(4). Therefore, we must conclude that the trial court was not authorized to impose the $500 fine on the misdemeanor conviction for possession of drug paraphernalia. However, we believe that this matter could use further clarification either from our Supreme Court or the General Assembly.
Conclusion
Accordingly, we affirm the judgment of conviction by the Rowan Circuit Court based on the reasoning and holding in our prior opinion. Likewise, we affirm the imposition of court costs as previously set forth. With respect to the issues presented on remand from the Kentucky Supreme Court, we affirm the trial court's imposition of the $100 fine for excessive window tinting, along with the court's order allowing deferred payment of that fine. However, we reverse the trial court's imposition of the $500 fine for possession of drug paraphernalia.
ALL CONCUR.