THOMPSON, L., JUDGE:
Kenneth Cole ("Appellant") appeals from an order of the Perry Circuit Court denying his motion to satisfy a DUI service fee with jail credit accumulated under Kentucky Rules of Criminal Procedure ("RCr") 4.58. Appellant argues that RCr 4.58 and Kentucky Revised Statute ("KRS") 189A.050 do not preclude the applicability of jail credit to the DUI service fee, and that the Circuit Court erred in failing to so rule. For the reasons addressed below, we find no error and AFFIRM the order on appeal.
Facts and Procedural History
On December 4, 2014, Appellant entered a plea of guilty in Perry Circuit Court to charges of Operating a Motor Vehicle under the Influence first offense, two counts of Possession of Controlled Substance, second degree, and Prescription Drugs Not in the Proper Container. In accordance with the plea, the Perry Circuit Court rendered a judgment and sentenced Appellant to a term of twelve months' imprisonment. The sentence was probated for twenty-four months. In addition, the Court ordered Appellant to pay court costs of $130, a court facilities fee of $25, a fine of $300, and a DUI service fee of $375. Appellant later violated his probation and was ordered to serve the sentence.
On September 29, 2017, Appellant filed a motion to satisfy his $375 DUI service fee with pre-trial jail credits under RCr 4.58. A hearing on the motion was conducted, where Appellant, through counsel, argued that the DUI service fee was a fine and thus subject to satisfaction with jail credits. By way of an order rendered on October 30, 2017, the circuit court denied the motion and this appeal followed.
Argument and Analysis
Appellant now argues that the Perry Circuit Court committed reversible error in denying his motion to satisfy the DUI service fee with pretrial jail credits. Appellant *355 notes that RCr 4.58 allows for a credit of $5.00 for each day incarcerated prior to conviction to be applied to a fine levied on the conviction of the offense. Because, in his view, the $375 DUI service fee is a "fine," he maintains that the circuit court erred in failing to apply the credit to the service fee. While acknowledging that the criminal rules and the statutory law do not expressly address whether the DUI service fee is a "fine" for purposes of RCr 4.58, Appellant states that his $340 credit representing sixty-eight days of preconviction incarceration would largely satisfy the $375 DUI service fee. He seeks an opinion reversing the order on appeal, and remanding the matter for application of the credit to the service fee.
RCr 4.58 states,
Any person incarcerated on a bailable offense who does not supply bail or is not otherwise released and against whom a fine is levied on conviction of such offense should be allowed a credit of $5.00 for each day so incarcerated prior to conviction except that in no case shall the amount so allowed or credited exceed the amount of the fine.
The question for our consideration is whether the Perry Circuit Court erred in concluding that the DUI service fee is not a "fine" pursuant to RCr 4.58, and therefore is not subject to the $5.00 daily credit for pre-conviction incarceration.
Having closely examined the record and the law, we must answer that question in the negative. This issue was resolved by the Kentucky Supreme Court in Commonwealth v. Moore , 545 S.W.3d 848, 853-54 (Ky. 2018). In examining whether the DUI service fee was a fine, the high Court stated:
The issue in Beane[1 ] was whether the DUI service fee was a fine, for which no indigency exemption existed at the time, or a court cost which could be subject to such an exemption. No other alternative seems to have been considered. Justice Leibson disagreed with the classification of the service fee as a fine. In his dissent, he asserted that the service fee "is an administrative function, and not a punishment or fine." He further noted that if the service fee was held to be a penalty for the illegal act of driving under the influence, then "the defendant should have the right to have the jury instructed that this penalty will be imposed in addition to any sentence provided by the jury."
Upon reflection, we now agree with Justice Leibson that the classification of the DUI service fee as a fine was erroneous, and we overrule Beane . We do not, however, accept the opposing view that it be classified as part of court costs. We are satisfied that it is neither.
The service fee imposed by KRS 189A.050 is an administrative function. The DUI service fee cannot be equated with fines or court costs because the statutes repeatedly distinguish between them....
We have statutes and court rules that provide for filing fees, [Kentucky Rule of Civil Procedure (CR) ] 3.03, and fees required for an individual released on probation or parole subject to supervision by the Department of Corrections, KRS 439.315. This Court has also analyzed jail fees and found them not to be considered "costs" subject to KRS 31.110(l)(b). Jones v. Commonwealth, 382 S.W.3d 22, 33 (Ky. 2011). The jail fee is to "reimburse the county for expenses incurred by reason of the prisoner's confinement," whereas costs are those more *356 directly connected to the defense of the charges. Id.
This interpretation that the service fee is not a fine is consistent with these statutes and rules even though the service fee in KRS 189A.050 is subject to enforcement pursuant to KRS 534.020, located in the "Fines" chapter of the penal code. KRS 534.020 also deals with imposition of court costs and fees, in addition to fines. Court costs have their own statutory section in Chapters 23A and 24A. The mere fact that the service fee is subject to KRS 534.020 does not make it a fine, no more than the fact that court costs are not fines even though they are also subject to KRS 534.020.
....
The service fee is allocated to multiple departments and agencies of the Commonwealth, including the Department of Public Advocacy. Because the service fee benefits many programs and services, the policy behind requiring payment thereof, in most instances, is a sound one. This also further supports the Court's interpretation of the service fee as an administrative function and, in fact, a fee, distinct and separate from both fines and court costs.
Id. (citation and footnote omitted).
Appellant attempts to distinguish Moore from the instant facts by noting that the primary issue in Moore was whether the DUI service fee could be waived for indigency. We are not persuaded by this argument, as the Court's characterization of the DUI service fee as administrative in nature has broad implications which go beyond the narrow question of indigency. Moore expressly concluded that the DUI service fee is not a fine, and this disposes of the issue before us.
Conclusion
The DUI service fee is not a fine, and is not subject to satisfaction via the application of the $5.00 daily credit set out in RCr 4.58. The Perry Circuit Court properly so found. For the foregoing reasons, we AFFIRM the order of the Perry Circuit Court.
ALL CONCUR.

Beane v. Commonwealth , 736 S.W.2d 317 (Ky. 1987).