RENDERED: APRIL 30, 2020
TO BE PUBLISHED

**Supreme Court of Kentucky**

FINAL
DATE 5/28/20
a Hutcherson

2018-SC-000394-DG
2019-SC-000154-DG

JOHN HAUBER AND                          APPELLANTS/CROSS-APPELLEES
CHERI HAUBER


ON REVIEW FROM COURT OF APPEALS
V.                      CASE NO. 2017-CA-000472
JEFFERSON CIRCUIT COURT NO. 16-CI-003229


HARRY W. HAUBER, III AND                 APPELLEES/CROSS-APPELLANTS
REBECCA L. ALTER


**OPINION OF THE COURT BY JUSTICE VANMETER**

**AFFIRMING**

Under Kentucky's version of the Uniform Trust Code, KRS[1] Chapter

386B, the legislature provided concurrent jurisdiction for district and circuit

courts over many trust-related matters and disputes. The issue we resolve in

this opinion is whether the Jefferson Circuit Court erred in dismissing Harry

W. Hauber, III's and Rebecca L. Alter's[2] second action against the trustees of

their parents' trust because a prior action had been filed in and decided by the

---

[1] Kentucky Revised Statutes.

[2] From the lower court pleadings, Harry III is known as Bill and Rebecca is
known as Becky. They will be referred to by these names in this Opinion.

1

Jefferson District Court. Because we conclude that the circuit court erred, we affirm the Court of Appeals' Opinion.

## I.  Factual and Procedural Background.

In 2011, Harry W. Hauber, Jr. and Betty Jean Fisher Hauber created an inter vivos trust which became irrevocable on his death in early 2015. When Betty died a few months later, in May 2015, two of their four children, John Hauber and Cheri Hauber became co-trustees of each of the four trusts, one for each child, Bill, Becky, Cheri and John.[3]

Almost immediately, friction arose among the siblings. The discord's source was Bill's and Becky's displeasure at distribution of certain personal items from their parents' Florida residence and notes accompanying these items. In August 2015, Bill and Becky filed a Notice-Order-Motion to Remove Trustees and for Other Relief in the Jefferson District Court, Docket No. 15-P-003735. The Notice referred to the foregoing distributions and notes, but also included allegations of breach of fiduciary duties, specifically duties to administer in good faith and the duties of loyalty and impartiality.[4] Under KRS

---

[3] Upon Betty's death, the trust principal was to be divided into four shares, one share for each child. Each trust was to last ten years, with principal and income distributions.

[4] The Notice-Motion's Paragraph 7 stated,

The Co-Trustees have assumed hostile, adverse, mocking, derogatory and offensive attitudes towards the Movants, and have breached numerous of their fiduciary duties including their duties to administer the trust in good faith, and their duties of loyalty, impartiality and prudent administration. Additionally, the Co-Trustees have incurred unnecessary costs of administration, have failed to take reasonable steps to control and protect the trust property, are believed to have appropriated certain trust property to themselves, have attempted to condition the distribution of benefits to the Movants upon the Movants' agreement to permit real property owned by the trust to be conveyed to the Co-Trustees, in their personal capacities at less than its appraised

2

386B.7-060 and 386B.7-100, this motion for removal was required to be filed in the district court. Following a hearing, the Jefferson District Court entered its Order denying the requested relief, stating that while it found the Co-Trustees' "choices . . . regarding the distribution of certain personal property very distasteful," those actions did not constitute breach of the trust under KRS 386B.7-060(2)(a). The court included in its Order notice to the Co-Trustees "that such inappropriate and distasteful behavior must not occur again," and if it persisted, the court would consider removal and other appropriate relief. KRS 386B.7-060, 386B.10-010(2). Significantly, the district court included finality language.[5] Bill and Becky appealed the district court's Order to the Jefferson Circuit Court. By Opinion and Order entered January 25, 2017, the circuit court affirmed the district court's Order, again, focusing on the proof of the personal property distribution and inappropriate messages.[6] Bill and Becky sought discretionary review by both the Court of Appeals and this Court. Both motions were denied.[7]

---

value and have made a mockery of their duties to make a fair and impartial distribution of tangible personal property.

Bill and Becky, in addition to removal of the Co-Trustees sought the following relief: a full and complete accounting of their parents' assets and estates, denial of compensation, surcharge of accounts, and appointment of a neutral party as trustee.

[5] The court's order stated that "[t]his is a final and appealable decision." While the court omitted the phrase, "there is no just reason for delay," CR 54.02(1), that language is required only if the action involves multiple parties or multiple claims. *Id.*; *Hook v. Hook*, 563 S.W.2d 716 (Ky. 1978). In the district court proceedings, Bill and Becky's allegations were based on specific actions which they claimed constituted a breach of trust necessitating removal with further remedies flowing from that removal. Since the district court did not remove the Co-Trustees, nothing further remained for it to do and its finality language sufficiently ended its proceeding.

[6] *Alter v. Hauber*, 16-CI-000024 (Jefferson Circ. Ct., 13th Div. Jan. 25, 2017).

[7] *Alter v. Hauber*, 2017-CA-000260-DR (Ky. App. Apr. 12, 2017); *Alter v. Hauber*, 2017-SC-000212-D (Ky. June 9, 2017). The motion in this Court was for

While Bill and Becky's district court appeal was pending in the Jefferson Circuit Court, 13th Division, they filed, on July 16, 2016, a second proceeding in the Jefferson Circuit Court which was assigned to the 8th Division, Jefferson Circuit Court, Docket No. 16-CI-03229. Their verified complaint included a number of allegations against John and Cheri individually and as trustees. The first allegation was that John and Cheri induced their mother to execute power(s) of attorney in their favor to cause certain assets to be paid to the trust, instead of being paid directly to each of the four children free of trust, and to change the death beneficiary designation on an annuity to the trust, instead of to the four children free of trust. Next, Bill and Becky alleged,

13. As fiduciaries, the Defendants owe to the Plaintiffs numerous statutory and common law duties including, but not limited to, the obligation to administer the Trust in good faith, in accordance with its terms and purposes, and in the interest of the beneficiaries; a duty of loyalty including the avoidance of conflict of interest or self[-]dealing transactions; the duty of impartiality; the duty of prudent administration; the duty to incur only reasonable costs and reasonable compensation in relation to the Trust property, the purpose of the Trust and the skills of the trustees; the duty to keep adequate records of the Trust and to separate trust property from the personal property of the trustee.

14. The Defendants have breached some or all of said duties by engaging in activities inconsistent with those duties, including but not limited to the following:

a. Paying themselves, and proposing to pay themselves in the future unreasonable, excessive and unauthorized compensation.

b. Improperly paying excessive and unreasonable amounts of compensation to attorneys to defend them from the consequences of their breaches of fiduciary duty.

---

leave to file a late motion. The motion was denied and John and Cheri's corresponding motion to dismiss was granted.

4

c.     By failing to take prompt, efficient and prudent steps to marshal, liquidate, convert unproductive trust assets, primarily because the Defendants desire to obtain those assets for themselves.

d.     By using their position as Co-Trustee to coerce or compel the Plaintiffs to agree to transactions which would otherwise be invalid as self-dealing transactions.

e.     By improperly allocating expenses of the trust solely to income.

f.     By failing to properly evaluate the principal value of certain annuity assets, thereby reducing the required annual principal distributions to the Plaintiffs.

g.     By preparing and distributing a purported accounting for calendar year 2015 which fails to disclose all material matters.

h.     By failing to prudently manage, invest and collect trust property.

i.     By failing to fund Plaintiffs' individual trusts, as required by the terms of the trust.

As to relief, Bill and Becky sought damages in excess of the minimum jurisdiction of the circuit court, punitive damages, attorney fees and costs, injunctive relief to prevent John and Cheri from spending trust assets or incurring expenses, and a full and complete accounting.

John and Cheri filed a Motion to Dismiss and Remand, CR[8] 12.02, to district court on the grounds that the Uniform Trust Code, KRS 386B.2-030, vested the district court with exclusive jurisdiction over matters arising from the same trust matter which had been before it.  Following the responses, replies, and a hearing, the circuit court treated the motion as one for summary judgment, and entered an opinion and order denying John and Cheri's motion,

---

[8] Kentucky Rules of Civil Procedure.

5

but remanding the matter to the district court. The circuit court's decision was based on its interpretation of KRS 386B.2-030(2) to the effect that district court retained exclusive jurisdiction over a matter filed in that court if an action was not filed in circuit court within twenty days. The circuit court found that the trust matter at issue in 16-CI-003229 was the same trust matter as previously brought in district court, 15-P-003735. Since the trust matter had not been filed in circuit court within twenty days of August 25, 2015, district court had exclusive jurisdiction.

Bill and Becky appealed to the Court of Appeals, which reversed the circuit court, and remanded to that court to exercise jurisdiction over the proceeding. John and Cheri moved for and we granted discretionary review.

## II.    Standard of Review.

The issue in this case involves a matter of statutory interpretation, which is a question of law that we review de novo. *Commonwealth v. Moore*, 545 S.W.3d 848, 850 (Ky. 2018). We afford no deference to the statutory interpretations of lower courts. *Seeger v. Lanham*, 542 S.W.3d 286, 290 (Ky. 2018).

This Court's goal, in construing statutes, is to give effect to the intent of the legislature, as derived from the language it used or as generally understood in the context under consideration. *Active Care Chiropractic, Inc. v. Rudd*, 556 S.W.3d 561, 564 (Ky. 2018) (citations omitted). Our legislature has directed, in matters of statutory construction, that "[a]ll words and phrases shall be construed according to the common and approved usage of language[.]" KRS 446.080(4).

## III.    Analysis.

6

The statute at issue here is KRS 386B.2-030. It provides, in full, the following:

> Except with regard to matters otherwise provided for by statute:
>
> (1) The District Court and Circuit Court shall have concurrent jurisdiction of any proceedings in this Commonwealth brought by a trustee or beneficiary concerning any trust matter; and
>
> (2) If a proceeding is initially brought in District Court concerning any trust matter, the jurisdiction of the District Court shall become exclusive with respect to such matter unless, within twenty (20) days of receipt of notice of such proceeding, a party files an action in Circuit Court relating to the same trust matter, in which event the District Court shall be divested of jurisdiction and the Circuit Court shall have exclusive jurisdiction over such action.

As correctly noted by both the Jefferson Circuit Court and the Court of Appeals, by this statute, the legislature has seen fit to grant both district and circuit courts concurrent jurisdiction over many trust matters.

Focusing initially on subsection 2, the legislature used terms such as "trust matter," "such matter," and "such proceeding." As noted by the circuit court, these terms are undefined, but they indicate a focus on discrete events, as opposed to the trust in question. For any given trust, some issue may arise, be resolved in a court proceeding, and then some time later, another issue may arise requiring another resolution. Had the legislature intended its focus to be on the trust in question, subsection 2, would have been written differently, deleting the word "matter" and emphasizing "trust," perhaps the following:

> If a proceeding is initially brought in District Court concerning any **trust matter**, the jurisdiction of the District Court shall become exclusive with respect to such **trust matter** unless, within twenty (20) days of receipt of notice of such proceeding, a party files an action in Circuit Court relating to the same **trust matter**, in which event the District Court shall be divested of jurisdiction and the Circuit Court shall have exclusive jurisdiction over such **trust** ~~action~~.

7

The legislature, however, did not focus on a given trust but on the matter arising from the trust.

The foregoing informs our interpretation of whether the current dispute, Jefferson Circuit Court, Docket No. 16-CI-003229, involves the same "trust matter" as Jefferson District Court, Docket No. 15-P-003735. Certainly, the siblings are the same, the trust and trust instrument are the same, and perhaps the underlying animosities are the same. But, our review of the record is that the underlying matter and claims are different.

The initial district court action arose from inappropriate messaging and distributions. One set of siblings asserted that it was meant in good fun; the other set took it a different way. That dispute, seeking an adjudication of breach of the trust and removal of the trustees, was resolved and the district court attached finality language to its order. The current dispute involves more than inappropriate messaging and distributions. Bill and Becky have claimed undue influence as to the transfer of certain non-trust assets, excessive fiduciary compensation, improper use of trust funds, failure to liquidate unproductive trust assets, self-dealing, improper allocation of trust expenses, failure to disclose all material trust matters, failure to prudently manage, invest and collect trust property, and failure to fund individual trusts. Granted, many of these matters also involve breach of trust generally, but they go far and beyond inappropriate messaging and distributions.[9] Bill and Becky's filing in circuit court was appropriate under the circumstances.

---

[9] The leading clause of KRS 386B.2-030(1), "[e]xcept with regard to matters otherwise provided for by statute[,]" supports our interpretation. KRS Chapter 386B contains a number of statutes which vest exclusive jurisdiction in one court or the other. Just last year, we held one such exception existed under KRS 386B.8-180.

8

## IV. Conclusion.

For the reasons expressed herein, we affirm the Court of Appeals' opinion. This matter is remanded to the Jefferson Circuit Court for all further appropriate proceedings.

All sitting. All concur.

COUNSEL FOR APPELLANTS/CROSS-APPELLEES:

Brent Robert Baughman
John Lueken
Steven Robert Wilson
Jared Andrew Cox
Rachel Alyce Washburn
BINGHAM GREENEBAUM DOLL, LLP

COUNSEL FOR APPELLEES/CROSS-APPELLANTS:

Edward H. Bartenstein
Homer Parrent III
PARRENT & OYLER

---

*PNC Bank, Nat'l Ass'n v. Edwards*, 590 S.W.3d 818 (Ky. 2019). Other examples include KRS 386B.4-110(7), 386B.4-120(4), 386B.4-140(5), 386B.4-160, 386B.4-170(3) (district court has exclusive jurisdiction over certain trust terminations/modifications/ combinations/divisions); and KRS 386B.4-130(3) (circuit court has exclusive jurisdiction to apply cy pres doctrine). As noted by Bill and Becky, KRS 386B.7-100 vests district court with "exclusive jurisdiction over matters under this subchapter relating to the office of the trustee[,]" which includes removal of the trustee under KRS 386B.7-060. When Bill and Becky filed their initial action to remove John and Cheri in Jefferson District Court, they had no option of filing in circuit court, nor did John and Cheri have the option of filing a superseding action there under KRS 386B.2-030(2). We therefore reject John and Cheri's argument that Bill and Becky's "choice" to file the first action in district court required subsequent actions to be filed there.

9