RENDERED:  JANUARY 20, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0949-MR

BLAKE JEFFREYS                                                   APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE MITCH PERRY, JUDGE
ACTION NO. 20-CR-001599

COMMONWEALTH OF KENTUCKY                                         APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  DIXON, LAMBERT, AND McNEILL, JUDGES.

McNEILL, JUDGE:  In May of 2021, the Appellant, Blake Jeffreys (Jeffreys), pled guilty to one count of promoting human trafficking.  In doing so, Jeffreys acknowledged that he had communicated with an undercover officer posing as a minor who informed him that she was sixteen years old, and that they had agreed to meet at a hotel to engage in commercial sexual activity.  Jeffreys further acknowledged that he had arrived at the hotel for the purpose of engaging in such activity.

Jeffreys pled guilty to one count of promoting human trafficking on May 14, 2021. The Jefferson Circuit Court probated Jeffreys' one-year sentence for a period of five years, and ordered him to pay the $10,000 human trafficking service fee pursuant to KRS[1] 529.130. Jeffreys' counsel requested that the court waive the fee because of his client's indigency, which was denied. However, the court indicated that it would revisit that decision if Jeffreys' probation officer later recommended waiving the service fee and the law permitted doing so. The court waived all other cost, fines, and fees, except a $10 per month probation fee. Lastly, the court explained that the $10,000 fee could be paid over the course of the five-year probation period.

## **ANALYSIS**

Jeffreys raises two arguments on appeal. First, he argues that the trial court erred by failing to waive the $10,000 fee based on his indigent status. Second, he argues that the service fee is an excessive fine under the Eighth and Fourteenth Amendments of the United States Constitution, and Section 17 of the Kentucky Constitution. We will address each in turn. KRS 529.130 is titled "Human trafficking victims service fee." It provides as follows:

> Any person convicted of an offense in KRS 529.100 or 529.110 shall be ordered to pay, in addition to any other fines, penalties, or applicable forfeitures, a human trafficking victims service fee of not less than ten

---
[1] Kentucky Revised Statutes.

thousand dollars ($10,000) to be remitted to the fund created in KRS 529.140.

Although this issue is sufficiently preserved, waiver of the fee was only briefly discussed during Jeffreys' sentencing hearing, and we are without the benefit of specific findings on the issue. On appeal, Jeffreys argues that, as a matter of first impression, the human trafficking service fee should be waived pursuant to KRS 534.030(4), which forbids the imposition of fines upon an indigent person, as required by that section. The fee at issue here is not included in that section. *See* KRS 529.130. Therefore, Jeffreys is not entitled to a waiver pursuant to KRS 534.030(4).

In further support of his argument, Jeffreys cites *Commonwealth v. Moore*, 545 S.W.3d 848, 853 (Ky. 2018) (holding that the DUI service fee was not a fine). Ultimately concluding that the trial court did not abuse its discretion in assessing the DUI fee, the Court elaborated as follows:

> Even though the service fee is not a fine, it is subject to waiver under KRS 534.020(3)(a)(1), which may or may not result in complete elimination of the defendant's responsibility for payment of the service fee. . . . The service fee must be imposed in all cases. Only after its imposition can the court analyze a defendant's ability to pay by way of a show cause hearing. If a defendant is unable to pay, "the court may enter an order allowing additional time for payment, reducing the amount of each installment, or modifying the manner of payment in any other way." KRS 534.020(3)(a)(1).

*Id*. at 853-54. The same logic applies to a human trafficking service fee pursuant to KRS 529.130. Accordingly, the circuit court did not abuse its discretion here.

As to his constitutional argument, Jeffreys concedes that this issue is not properly preserved, and therefore seeks palpable error review pursuant to RCr[2] 10.26 as follows:

> A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.
>
> . . . For an error to rise to the level of palpable, it must be easily perceptible, plain, obvious and readily noticeable. Generally, a palpable error affects the substantial rights of the party only if it is more likely than ordinary error to have affected the judgment.

*Martin v. Commonwealth*, 409 S.W.3d 340, 344 (Ky. 2013) (internal quotation marks and citations omitted). We cannot say that the alleged error is "easily perceptible, plain, obvious and readily noticeable." *Id.* In fact, we cannot conclude that it was an error at all. To do so would require this Court to first categorize it as a fine, and then to assess its constitutionality under our state and federal constitutions in what appear to be matters of first impression. This would

---

[2] Kentucky Rules of Criminal Procedure.

-4-

necessitate multiple substantive determinations by this Court that would bypass our rules of preservation and negate the purpose of RCr 10.26. Therefore, we affirm the judgment.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Euva D. May
Kate Hatheway
Louisville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Matthew F. Kuhn
Brett R. Nolan
Jeffrey A. Cross
Daniel J. Grabowski
Assistant Attorneys General
Frankfort, Kentucky