RENDERED: MAY 26, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0238-MR

AARON TUCKER AND
RICKEY ELMORE                                                    APPELLANTS

v.          APPEAL FROM FRANKLIN CIRCUIT COURT
            HONORABLE PHILLIP J. SHEPHERD, JUDGE
            ACTION NO. 20-CI-00982

ANDREW G. BESHEAR, IN HIS
OFFICIAL AND INDIVIDUAL
CAPACITIES                                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ECKERLE, LAMBERT, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Aaron Tucker and Rickey Elmore bring this appeal from a

February 7, 2022, Order of the Franklin Circuit Court dismissing Tucker and

Elmore's complaint against Andrew G. Beshear, in his official and individual capacities.[1]  We affirm.

Tucker and Elmore were state troopers employed by the Kentucky State Police.  Tucker was accused of improper use of force in effectuating an arrest, and in a separate incident, Elmore was also accused of improper use of force in effectuating an arrest.[2]  Tucker was sued by the arrestee in United States District Court for the Western District of Kentucky in *Heston v. Warren County, et al.*, 1:20-cv-000480-GNS.  Elmore was also sued in the United States District Court for the Eastern District of Kentucky in *Corimsely v, Elmore,* 2:20-cv-00047-DLB-CJS.  Tucker was terminated for misconduct by the Kentucky State Police, and Elmore resigned.

On December 22, 2020, Tucker and Elmore filed a complaint in the Franklin Circuit Court against Beshear.  In relevant part, Tucker and Elmore alleged that Beshear possessed a statutory duty per Kentucky Revised Statutes (KRS) 12.213 to provide Tucker and Elmore with defense counsel in the federal civil actions but failed to do so.  Tucker and Elmore also pointed out that the

---

[1] The Kentucky State Police (KSP) was listed as a party in the Notice of Appeal but was not a party in the circuit court action.  As such, KSP was dismissed from this appeal by Order entered April 28, 2023.

[2] Both Aaron Tucker and Rickey Elmore had less than one year of service with the Kentucky State Police at the time of the incidents.

Kentucky Attorney General refused to provide them with defense counsel; however, they did not name the Attorney General as a party to the action.

Beshear filed a motion to dismiss for failure to state a claim upon which relief could be granted per Kentucky Rules of Civil Procedure (CR) 12.02. Beshear claimed that KRS 12.213 did not impose a duty upon him to provide either Tucker or Elmore with defense counsel. Beshear argued that Tucker and Elmore misinterpreted KRS 12.213. Beshear also stated that he requested the Kentucky Attorney General to determine whether his office could provide representation to Tucker and Elmore in the civil actions under KRS 12.213; however, the Attorney General determined that he would not provide a defense. *See* KRS 12.212. Beshear further argued that the instant action was barred due to sovereign immunity and/or qualified official immunity.

By order entered February 7, 2022, the circuit court granted Beshear's motion to dismiss and dismissed Tucker and Elmore's complaint. The circuit court reasoned, in pertinent part:

> Here, [Tucker's and Elmore's] claims are predicated on a fundamental misinterpretation of the duty that is imposed on the Governor by KRS 12.213. That statute simply requires to promulgate an administrative regulation setting forth the procedure governing the provision of legal defense for "employees or former employees of the Commonwealth pursuant to KRS 12.211 to 12.215." KRS 12.211 provides that the Attorney General *may* provide a defense for state employees, but it stipulates that such defense only applies

-3-

when the employee's conduct is "made in the scope and course of his employment", and that no employee or former employee "shall be subject to an action arising from discretionary acts". The applicable statutes further provide that the Attorney General "may decline to provide for the defense of a civil action" when he determines that the conduct for which the employee was sued "was not within the scope and course of his employment as a state employee", or it involved "actual malice"; or "the defense of the action would not be in the best interests of the Commonwealth." KRS 12.212. That statute also allows the Attorney General to decline representation in cases of conflict of interests. However, nothing in the statute creates, or even implies an absolute right for a former employee to have the state provide a lawyer for the defense of such claims.

By promulgating the administrative regulation that sets forth the method of hiring counsel in cases in which the state agrees to provide such a defense, the Governor has done all that the statute requires. The statute requires the Governor to promulgate an administrative regulation setting forth the policy regarding hiring defense counsel; it does not require the Governor to provide defense counsel in every case. The assignment of counsel is purely discretionary, and it is dependent on a determination that the employee acted in good faith, without malice, and within the scope of his duties. Here, the Attorney General made a determination that the state should not provide a defense. This is not the Governor's fault. Moreover, [Tucker and Elmore] have not named the Attorney General as a defendant. Here, there is no question that the Governor is entitled to official immunity, and there is no basis to impose liability on the Governor for performing a discretionary act for his performance of this essential governmental function. The Governor promulgated the administrative regulation as required. (Citation omitted.)

Order at 4-5. This appeal follows.

To begin, as "matters outside the pleading[s] [were] . . . presented to and not excluded by the court," the motion to dismiss must be treated as a motion for summary judgment.[3]  CR 12.02.  Summary judgment is proper where there exists no material issue of fact and movant is entitled to judgment as a matter of law.  *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476 (Ky. 1991).  All facts and inferences therefrom are to be viewed in a light most favorable to the nonmoving party.  *Id.*  And, our review of a summary judgment is *de novo*.  *Progressive Direct Ins. Co. v. Hartson*, 661 S.W.3d 291, 295 (Ky. App. 2023).

Tucker and Elmore contend that the circuit court erroneously granted Beshear's motion to dismiss.  Tucker and Elmore maintain that the circuit court misread KRS 12.213 and that KRS 12.213 imposes a duty upon Beshear to appoint defense counsel for them in their respective civil actions.  Tucker and Elmore argue that the language of KRS 12.213 provides that the governor "shall" provide defense counsel to current and former employees and further argue that Beshear breached this statutory duty by failing to provide defense counsel for them.

The interpretation and construction of a statute are concerned primarily with legislative intent.  *Miller v. Bunch*, 657 S.W.3d 890, 894-95 (Ky.

---

[3] Andrew G. Beshear, in his official and individual capacities, filed documentation in the form of printed email between his office and the office of the Kentucky Attorney General in the circuit court action below.

2022); *Shawnee Telecom Res., Inc. v. Brown*, 354 S.W.3d 542, 551 (Ky. 2011). To ascertain legislative intent, the court initially looks to the language of the statute and gives its words their plain and ordinary meaning. *Miller*, 657 S.W.3d at 895; *Commonwealth v. Moore*, 545 S.W.3d 848, 851 (Ky. 2018). If the statutory language is clear and unambiguous, legislative intent is derived from such language, and "our inquiry ends." *Miller*, 657 S.W.3d at 895; *Moore*, 545 S.W.3d at 851.

> The statute at issue is KRS 12.213, which reads:
>
> The Governor shall provide by regulation for the defense of employees or former employees of the Commonwealth pursuant to KRS 12.211 to 12.215 by one (1) or more of the following methods:
>
> (1) By the Attorney General;
>
> (2) By employing other counsel for this purpose as provided for in KRS 12.210;
>
> (3) By authorizing the purchase of insurance which requires that the insurer provide or underwrite the cost of the defense; or
>
> (4) By authorizing defense by counsel assigned to or employed by the department, agency, board, commission, bureau, or authority which employed the person requesting the defense.

KRS 12.213 is plain and unambiguous. It compels the governor to "provide by regulation for the defense of employees or former employees" in accord with its terms. Thus, the clear language of KRS 12.213 merely imposes a

duty upon the Governor to promulgate a regulation that provides for the defense of current or former employees in accordance with the statute's terms.

As a result of the statutory mandate set forth in KRS 12.213, it is undisputed that 10 Kentucky Administrative Regulations (KAR) 1:011 was promulgated to provide for the defense of present and past employees of the Commonwealth. It must be emphasized that Tucker and Elmore have not attacked the validity of the regulation (10 KAR 1:011);[4] consequently, the promulgation of this regulation fulfilled Beshear's statutory duty under KRS 12.213. Hence, we conclude that Beshear has not violated the provisions of KRS 12.213.

Tucker and Elmore also assert that Beshear acted arbitrarily. Tucker and Elmore argue:

> Here, the Governor's actions were clearly arbitrary. He was required to provide a defense for the Troopers. He not only failed to provide a defense, but actively used politics to get in the way of providing a defense. The Governor's actions speak louder than words and his actions say "we have no problem with these Troopers being defended as long as the Republican Attorney General will do the defending. If the Attorney General's Office will not defend, then you will not be provided a defense." These actions are arbitrary and the Governor should be directed to follow the law and precedence.

---

[4] Under 10 Kentucky Administrative Regulations 1:011 § 3, the Attorney General was responsible for deciding whether to provide a defense for Tucker and Elmore. The Attorney General was not named a party to this action and whether he acted properly is not before this Court on appeal.

Tucker and Elmore's Brief at 20.

The Kentucky Constitution unequivocally prohibits the exercise of arbitrary power in this Commonwealth. KENTUCKY CONSTITUTION § 2. It is recognized that "whatever is essentially unjust and unequal or exceeds the reasonable and legitimate interests of the people is arbitrary." *Ky. Milk Mktg. and Antimonoploy Com'n v. Kroger*, 691 S.W.2d 893, 899 (Ky 1985).

In this case, Tucker and Elmore have not demonstrated that Beshear acted arbitrarily. They have failed to advance any cogent legal argument that Beshear is required to provide them with defense counsel. Therefore, we are of the opinion that Beshear has not acted arbitrarily.

We view any remaining contentions of error as moot or without merit.

In summary, we hold that Beshear was entitled to summary judgment, and the circuit court properly granting same dismissing Tucker's and Elmore's action.

For the foregoing reasons the Order of the Franklin Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANTS:

Larry Shelton
Independence, Kentucky

BRIEF FOR APPELLEE:

S. Travis Mayo
Taylor Payne
Marc Farris
Laura C. Tipton
Frankfort, Kentucky